### ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

HELENA M. LORD *vs.* SHERER DRY GOODS COMPANY.

Bristol.    October 25, 1909. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence,* In management of department store.

At the trial of an action against the proprietor of a department store by a child five years and eight months of age for injuries caused by being pushed down a stairway by a crowd in the store, it appeared that the child and her mother had been at a counter on a balcony between the first and second floors and were returning down a stairway to the first floor when the accident happened. The only means of access to the balcony, which was forty feet by one hundred feet, was by a stairway of ordinary dimensions and construction, consisting of two flights of stairs with a landing between. There was evidence tending to show that the stairway was poorly lighted, that the store was crowded, that there was a bargain sale of jewelry going on at a counter within six feet of the head of the stairs leading from the balcony to the first floor, and that just before the accident the superintendent of the store made an announcement in a loud voice the natural result of which was to attract crowds to the jewelry bargain counter. The plaintiff's mother testified that, holding the plaintiff by the hand, she was going down the stairway from the balcony to the first floor when persons rushing from behind her to avoid the crowd assembling at the jewelry counter pushed the plaintiff from her and down the stairs. *Held,* that there was no evidence that would have warranted a finding that the defendant was negligent in leaving the stairway as it was, or that the accident was in any way due to the poor lighting of the stairway; and that under the circumstances there was no duty on the part of the defendant to warn his customers as to the stairway.

TORT for injuries received by the plaintiff, a girl five years and eight months old, by being pushed down a stairway by a

crowd in the defendant's department store in Fall River.  Writ dated October 16, 1907.

The case was tried before *Bishop*, J.   The plaintiff's evidence tended to show that the accident to the plaintiff happened on a Saturday, that the plaintiff's mother, with the plaintiff, had come to the store to buy ribbon, and that the store was crowded. The ribbon counter was on a balcony, which was between the first and second floors of the store.   The only access to this balcony from the first floor was by means of a stairway four feet five inches wide, composed of two flights and a landing.   In the lower flight there were five risers, and in the second flight seven. The landing was four feet four inches by six feet two inches. There was some evidence that the stairs were poorly lighted.  A corresponding stairway ran from the balcony to the second floor.

From the top of the stairway from the first floor an aisle ran toward the right along the balcony.   The area of the balcony was forty by one hundred feet.   About six feet from the head of the stairs and running from them parallel to the aisle, stood a counter upon which on the day of the accident was displayed jewelry, of which there was a special sale.

The plaintiff's mother had finished her purchases and, taking hold of the plaintiff's left hand with her right, was proceeding toward the stairway leading to the first floor, when the superintendent of the store, standing at the head of the stairs, announced in a loud voice, " Here's where you get your seventy-five cent and one dollar jewelry for nine cents."   The plaintiff's mother testified that thereafter, as she was going down the stairway holding the balustrade with her left hand and the plaintiff's hand with her right, a crowd rushing upon her from behind to get away from the crowd collecting at the jewelry counter pushed the plaintiff from her, and the plaintiff fell down the stairs to the landing and was injured.

At the close of the evidence the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions, which after the death of *Bishop*, J., were allowed by *Stevens*, J.

*C. A. MacDonald*, for the plaintiff.

*D. F. Slade*, for the defendant.

HAMMOND, J.   There was nothing in the shape, construction or condition of the stairway which was unusual or which would

warrant a finding of negligence in leaving it as it was. In this respect the case differs from cases like *Hendricken* v. *Meadows*, 154 Mass. 599, and *Toland* v. *Paine Furniture Co.* 175 Mass. 476; *S. C.* 179 Mass. 501, which are cited by the plaintiff. And even if the stairs were not well lighted, it is manifest that the accident was in no way due to that fact.

Upon the question whether there was any evidence of negligence of the defendant in attracting a crowd of customers to his store and in failing to take measures to protect them from each other, the case presents more difficulty. It has been often adjudged that a common carrier is held to the exercise of proper care to protect his passengers from injury by reason of the jostling, pushing or other rough act of a crowd which he allows to collect in his cars or upon his platforms, especially elevated platforms. *Treat* v. *Boston & Lowell Railroad*, 131 Mass. 371. *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341, and cases cited. It is contended by the plaintiff that on the day in question a crowd of customers had been drawn to the defendant's store by advertisements issued for that purpose; that while the store was thus crowded an announcement was made by one of the defendant's servants calling particular attention to a certain jewelry counter as a place where articles were for sale at a very low price; that this counter was situated near the stairway and that this announcement was calculated to cause and did cause a rush to that counter; that such a rush might be dangerous to people on the stairs, especially to children of the age of the plaintiff, and that this danger might and ought to have been foreseen and provided against by the defendant.

It cannot be said however that a merchant is negligent simply because he has his store crowded with customers, or because while the store is crowded he directs their attention to some part where they can get good bargains. That is what the store is for.

And while it is not difficult to conceive of a case where the path to the place to which the customers are called may be so dangerous or the place itself may be so dangerous as to make it the duty of the merchant to warn the customers (*Hendricken* v. *Meadows*, 154 Mass. 599), we do not think that under the circumstances of this case there was any such duty resting on the

defendant.  The stairs were of ordinary construction, and the
defendant had the right to assume that under the circumstances
there was no reason to anticipate any danger to those upon
them.

*Exceptions overruled.*