MINNIE A. SMITH *vs.* EDWARD C. JOHNSON & others.

Suffolk.    October 6, 1914. — October 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Of one maintaining swinging door.

The proprietor of a retail dry goods store cannot be found to be negligent toward his customers in maintaining at the entrance to the store a swinging door whose hinges permit it to be pushed open in either direction, which is of ordinary construction and substantially like those that have been in general use for many years; and a woman whose forefinger projected beyond the edge of such a door so that, when another customer passed ahead of her and pushed the door open and it swung back by its natural recoil, her finger was caught between the edge of the door and the door frame and injured, has no cause of action against the proprietor, even if she was in the exercise of due care.

DE COURCY, J. The forefinger of the plaintiff's left hand was crushed by a swinging door at the entrance to the retail dry goods store of the defendants in Boston. This was the centre one of three single doors between the vestibule and the store; was made of plate glass with a border of wood at the top, bottom and sides, and was about seven feet high, two and a half feet wide and three inches thick. The hinges were of a type that permitted it to be pushed open in either direction.

As the plaintiff was about to go from the vestibule into the store another person passed ahead of her and pushed the door open. As it swung back she put up her hand to shield her head and glasses, and apparently her forefinger projected beyond the edge of the door, and was caught between the edge and the door frame.

We are of opinion that the record discloses no negligence on the part of the defendants. The doors, as described by the testimony and shown by the photographs, were of ordinary construction, and were substantially like those in general and common use for many years in Boston and elsewhere. There was nothing to show that they were not entirely safe when properly used by persons passing through them. If, as the plaintiff's somewhat

confused testimony indicates, the ordinary speed of the door was increased by another customer negligently pushing it toward her, the defendants are not responsible therefor. And, assuming in the plaintiff's favor that there was only the usual recoil of the door, the failure to furnish doorkeepers or attendants in no way contributed to the accident. It appears that there was no pushing or jostling by the crowd of Christmas shoppers.* In short, the evidence fails to disclose the breach of any legal duty which the defendants owed to the plaintiff. *Hunnewell* v. *Haskell,* 174 Mass. 557. *Lord* v. *C. T. Sherer Dry Goods Co.* 205 Mass. 1. *Dolan* v. *Callender, McAuslan & Troup Co.* 26 R. I. 198. *Pardington* v. *Abraham,* 93 App. Div. (N. Y.) 359, affirmed in 183 N. Y. 553.

The plaintiff's testimony leaves largely to conjecture the explanation of how her finger happened to get between the door and the frame when the door swung toward her. Whether it would warrant the jury in finding that she was in the exercise of due care, however, need not be determined, in view of her failure to establish the other necessary element in her case. See *Green* v. *Tarr,* 207 Mass. 111. In accordance with the report,† the entry must be

*Judgment for the defendants on the verdict.*

*J. Noble,* for the plaintiff.
*C. S. Knowles,* for the defendants.

---

* The accident happened on December 21, 1912.

† The case was tried before *White,* J., who, at the close of the plaintiff's evidence, ordered a verdict for the defendants and reported the case for determination by this court.