LOVE BUZZELL *vs.* R. H. WHITE COMPANY.

Suffolk.　　November 17, 1914. — January 8, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* In maintenance of revolving door.

The proprietor of a department store cannot be found to have been negligent
toward his customers in maintaining at the entrance to the store for the use of
persons entering and leaving it a revolving door set in a circular framework
and composed of four wings with rubber strips attached from the top to the
bottom of the outer edge of each wing for the purpose of preventing the passage
of air and of giving the wings an opportunity to revolve without the wood of
which they were made coming in contact with the wood of the framework, al-
though the rubber strips are worn so that they do not come in contact with

the circular framework and thus do not retard the rapidity of the door's revolutions, as they otherwise would, and the door revolves at a very high rate of speed on the application of a very slight pressure and has not a governing device sometimes used upon such doors to control their speed, if the door is a standard door installed by a manufacturer who makes over ninety per cent of such doors used in this country and if no more than two out of ninety of such doors have a governing device; nor can such proprietor be found negligent in not providing an attendant at the door to protect persons from being injured by the rapidity of its revolutions.

TORT for personal injuries received as the plaintiff was passing through a revolving door in leaving a department store of the defendant in Boston. Writ dated April 24, 1913.

In the Superior Court the case was tried before *White*, J., upon an agreed statement of facts substantially as follows:

When the plaintiff started to leave through the revolving door, she waited until all the people ahead of her had passed through, then entered the door and started to go through, when suddenly the door increased its speed as if it had been pushed by some one and began to whirl around rapidly, taking her off her feet and throwing her violently to the floor. She did not trip nor slip on anything. The door was going so fast that she did not have to touch it. It carried her along. She tried to get out quickly as the door came around to the exit, but it was going so fast she could not do it.

The door was a revolving door set in a circular framework with openings in the framework on the inside and an opening on the outside through which people passed to get into the door and out of the door. It was composed of four wings, with rubbers stretched from the top to the bottom along the outer edge of each wing.

Evidence of the plaintiff tended to show that at the time of the accident these rubber strips were worn so that they did not come in contact with the circular framework in which the door revolved, as it was intended they should. These rubber strips were put on the door for the purpose of preventing the passage of air, and at the same time giving the door an opportunity to swing in its framework without the wood of the wings coming in contact with the framework, and when the rubber strips are not worn and come in contact with the circular framework, they have some retarding effect upon the speed of the door and in preventing the door from spinning.

The door was made by the Van Kannel Revolving Door Company, who make over ninety per cent of the revolving doors used in this country, and revolved at a very high rate of speed on the application of very slight pressure. It was the standard revolving door made by the Van Kannel Revolving Door Company, except that its total width from side to side was six inches more than the standard. The Van Kannel Revolving Door Company have installed in this country about forty-five hundred doors of this type, of which about one hundred doors have a device which is described as a governing device, which operates in a manner similar to that of the ordinary liquid cushion spring commonly used on doors. The purpose of the device is to keep the door from spinning. There was no governing device to control the speed of this door, and no other method of controlling the speed of the door, except such as might be exercised by a person who was passing through it; neither was there any attendant or employee of the defendant to caution or guard people in passing through the door, or to regulate its speed.

There were attached to each wing of the door, so as to be in front of a person passing out, two brass hand rails, which stretched from one side to the other of the pane of glass in the panel, horizontally placed.

The judge ordered a verdict for the defendant, and, with the consent of the parties, reported the case for determination by this court, judgment to be entered upon the verdict if the ruling was right; otherwise, judgment to be entered for the plaintiff in the sum of $2,500.

*F. Burke,* (*J. P. Bell* with him,) for the plaintiff.

*E. I. Taylor,* for the defendant.

LORING, J. This case is in the main governed by *Smith* v. *Johnson,* 219 Mass. 142. The door in question here was a revolving door and not a swinging door as was the door in *Smith* v. *Johnson.* Both kinds of doors are in common use, and in that respect the cases are alike. There is no more reason for an attendant in case of a revolving door than there was in case of the swinging doors in question in *Smith* v. *Johnson.*

The fact that some revolving doors in use have a governing device to control the speed of the door and that the door here in question did not have it or any other device to control its speed

was not evidence of negligence on the part of the defendant. A defendant is not liable because he does not provide the newest apliances. See for example *Wolfe* v. *New Bedford Cordage Co.* 189 Mass. 591. It appeared that the firm which provided the defendant with the revolving door here in question makes ninety per cent of the revolving doors used in this country. It also appeared that of the revolving doors made by it no more than two out of ninety have a governing device.

The fact that rubber strips which were stretched from the top of each wing of the revolving door to the bottom of it and along the outer edge of the wing were somewhat worn was not a ground on which it could be found that the defendant was negligent. In the agreed facts on which the case was submitted it is stated that these rubber strips were put on the door for the purpose of preventing the passage of air, and at the same time giving the door an opportunity to swing in its framework without the wood wings coming in contact with the framework. When the rubber strips are not worn and come in contact with the circular framework of the door, they have some retarding effect upon the speed of the door, preventing the door from spinning. That is to say the rubber strips were not put on for the purpose of retarding the swing of the door. It follows that the fact that they were worn was not evidence of negligence on the part of the defendant.

The conclusion reached in *Smith* v. *Johnson* appears to be that reached in other jurisdictions. See *Pardington* v. *Abraham*, 93 App. Div. (N. Y.) 359, affirmed in 183 N. Y. 553; *Dolan* v. *Callender, McAuslan & Troup Co.* 26 R. I. 198.

The only case of a revolving door which has come to our attention is an unreported case of *Fechney* v. *Providence Building Co.*, referred to in *Dolan* v. *Callender, McAuslan & Troup Co. ubi supra,* at page 199.

The entry must be

*Judgment for the defendant.*