MARY A. NORTON *vs.* CHANDLER AND COMPANY, INCORPORATED.

Suffolk.     January 12, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* In maintenance of revolving door, Proximate cause. *Revolving Door. Proximate Cause.*

In an action against the proprietor of a store for personal injuries sustained by the plaintiff from being thrown down by the rapid revolution of a revolving door through which the plaintiff was entering the defendant's store, there was evidence that at the time of the accident the door revolved much more easily and much more rapidly than such doors usually revolved, that after one witness had passed through it and entered the store the door made at least two more revolutions although he had pushed it very gently, that he then gave the door a hard push with his left hand and it made eight or nine revolutions before it stopped, that strips of rubber and felt were fastened along the top and sides of each wing for the purpose of retarding the door when it revolved and to prevent its spinning, that these friction strips were fastened to the wings of the door in such a manner that they could be adjusted from time to time when they were worn down by use, that at the time of the accident the friction strips were narrower and had less contact than was usual with revolving doors, that nothing had been done to the friction strips on this door since it was installed three years before the accident and that no inspection to determine the condition of the strips ever had been made by the defendant. *Held,* that there was evidence for the jury of negligence on the part of the defendant in not inspecting the friction strips and in failing to adjust them on their becoming worn down.

In an action against the proprietor of a store for personal injuries sustained by the plaintiff from being struck in the back and thrown down by a revolving door through which she was entering the defendant's store, where there is evidence that the defendant was negligent in not inspecting the friction strips with which the wings of the door were equipped to control its speed and in failing to adjust these strips on their becoming worn down, and where there also is

evidence that as the plaintiff was entering the store through the revolving door a man was going out of the store through the same door on the other side of it and that he "went out just like anybody that is in a hurry," if the jury find that the action of this man in going out was the immediate cause of the door spinning round and hitting the plaintiff in the back, this does not prevent a finding that the defendant's negligence was the cause of the plaintiff's injuries, if the jury can and do find that the defendant reasonably ought to have anticipated that a customer might go out through the revolving door in a hurry and thus set it spinning.

It is not necessarily negligent for a woman who is entering a store through a revolving door to fail to take hold of one of the brass railings with which each wing of the door is equipped.

Tort, against a corporation carrying on a retail dry goods store on Tremont Street south of West Street in Boston, for personal injuries sustained by the plaintiff on February 25, 1913, while she was passing through a revolving door maintained by the defendant at the entrance to its store, by reason of the alleged negligence of the defendant in permitting the door to revolve with such rapidity and violence as to throw the plaintiff down and cause her injuries. Writ dated April 4, 1913.

In the Superior Court the case was tried before *White*, J. The essential facts shown by the evidence are stated in the opinion. At the close of the evidence the judge ordered a verdict for the defendant, and by agreement of the parties reported the case for determination by this court, with the stipulation that, if, upon the evidence properly admitted or any evidence offered and excluded which ought to have been admitted, the ordering of the verdict was right, judgment was to be entered on the verdict for the defendant. If, upon the evidence properly admitted and upon the evidence offered and improperly excluded, the case ought to have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $3,500 with interest from February 18, 1914, the date of the verdict.

*C. S. Knowles*, for the defendant.

*R. G. Dodge*, (*C. W. Putnam* with him,) for the plaintiff.

Loring, J. The plaintiff testified that, as she went through the revolving door on entering the defendant's store, the wing behind her suddenly struck her in the back and threw her forward on to the floor of the store. There was evidence that at the time of the accident this door revolved much more easily and much more rapidly than such doors usually do. One of the witnesses

testified "that as he passed through it [the revolving door in question] into the store it made two revolutions at least after he passed through, though he pushed it very gently;" and farther on he testified "that after he came out he gave the door a hard push with his left hand and it made either eight or nine revolutions before it stopped." It appeared that there were strips of rubber and felt fastened along the top and sides of each wing, for the purpose of retarding the door when it revolved and to prevent its spinning. These friction strips were so fastened to the wings of the door that they could be adjusted from time to time and in that way their efficiency (in keeping the door from spinning) could be maintained when they were worn down by use. In addition there was evidence that at the time of the accident here complained of the friction strips on the wings of the door were narrower and the contact less than was usual with revolving doors. Finally there was evidence that nothing had been done to the friction strips on this door since it was installed three years before the accident, and no inspection to determine their condition ever had been made by the defendant. This warranted a finding of negligence on the part of the defendant, first, in not inspecting the friction strips, and secondly, in allowing the door to fall into a defective condition through failure to adjust the friction strips on their being worn down.

The defendant's main contention is that this case is governed by *Buzzell* v. *R. H. White Co.* 220 Mass. 129. That case was a case of a revolving door. But beyond that fact there is no similarity between the two cases. That case was submitted to the court on an agreed statement of facts. Among other facts it was agreed that "there was no governing device to control the speed of this door, and no other method of controlling the speed of the door, except such as might be exercised by a person who was passing through it." "These rubber strips [attached to the outer edges of the door] were put on the door for the purpose of preventing the passage of air, and at the same time giving the door an opportunity to swing in its framework without the wood of the wings coming in contact with the framework, and when the rubber strips are not worn and come in contact with the circular framework, they have some retarding effect upon the speed of the door and in preventing the door from spinning." This door "was

the standard revolving door made by the Van Kannel Revolving Door Company. . . . The Van Kannel Revolving Door Company have installed in this country about forty-five hundred doors of this type, of which about one hundred doors have a device which is described as a governing device, which operates in a manner similar to that of the ordinary liquid cushion spring commonly used on doors. The purpose of the device is to keep the door from spinning."

In other words the door in the case at bar was, or could have been found by the jury to have been, equipped with friction strips to control its speed, while it was agreed in *Buzzell* v. *R. H. White Co.* that the door there in question was equipped with dust strips, not with friction strips, and that that was the common and usual way of constructing revolving doors. It is manifest that the defence successfully invoked by the defendant in *Buzzell* v. *R. H. White Co.* on the facts agreed in that case did not exist under the evidence in the case at bar, and that the grounds of liability made out here did not exist there.

There was evidence that as the plaintiff was going through the revolving door into the store a man was going out of the store through the revolving door, on the other side of it; that the man was in a hurry, and "went out just like anybody that is in a hurry." If the action of this man who was going out was the immediate cause of the revolving door's spinning around and unexpectedly hitting the plaintiff in the back, the connection between the defendant's negligence and the accident to the plaintiff was not necessarily broken thereby. That a customer should go out through the revolving door in a hurry and so set it spinning was, or might have been found to be, something which the defendant reasonably ought to have anticipated. If that was so, or was found to be so, the connection between the two was not broken. See cases collected in *Horan* v. *Watertown*, 217 Mass. 185, 186; *McCauley* v. *Norcross*, 155 Mass. 584; *Oulighan* v. *Butler*, 189 Mass. 287.

The defendant has contended that there was no evidence on which the jury could find that the plaintiff was in the exercise of due care. This contention is based upon the fact that there were brass railings across each wing of the door, and the plaintiff testified that she "couldn't say whether there was a rail across the

door or whether she had hold of it; that most naturally she would." Even if on this evidence the jury were not justified in finding that she did have hold of the railing, we are of opinion that they could find that she was in the exercise of due care.

By the terms of the report, judgment must be entered for the plaintiff in the sum of $3,500 with interest from February 18, 1914.

*So ordered.*