LALLA M. PEARSON *vs.* DIRECTOR GENERAL OF RAILROADS.

Middlesex.    March 23, 1923. — May 23, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Railroad: station.

An action cannot be maintained by one who, while in the waiting room of a station of a railroad in a large city, is knocked down and injured by a third person, where it does not appear that such conduct of the third person reasonably could have been anticipated and guarded against by those in charge and control of the station.

In an action of the character above described, the only evidence was testimony of the plaintiff, a woman, and of her husband, which tended to show that she was knocked down by a third person after she had come from a toilet room and was six or eight feet from a partition that separated it from the main

waiting room of the station. Near the partition was a main entrance to the station adjoining steps leading to a station of an elevated railway. Subject to an exception by the defendant, the judge left to the jury a special question, whether the partition before the toilet room was a contributing cause of the accident, and the jury answered the question affirmatively. *Held*, that there was no evidence warranting the answer to the question and that it should not have been left to the jury.

In the action above described, there also was evidence tending to show that the plaintiff fell near a " bubble " drinking fountain and upon a wet place on the floor of the station, but there was no evidence tending to show that she slipped by reason of the wet condition of the floor or how long such condition had been in existence; and it was *held* that the evidence as to the condition of the floor would not warrant a finding of negligence on the part of the defendant.

TORT for personal injuries received by the plaintiff in the North Station of the Boston and Maine Railroad on October 17, 1919. Writ dated July 16, 1920.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor (1) because there was not sufficient evidence to justify a finding of negligence on the part of the defendant or of any of its agents or servants and (2) because the evidence showed that the plaintiff was not in the exercise of due care. The motion was denied. The defendant also saved an exception to a part of the charge that allowed the jury to take into consideration the partition or screen, described in the opinion, as a cause of the accident.

The jury returned a verdict for the plaintiff in the sum of $1,000. Before the verdict was recorded, the judge reserved leave to enter a verdict for the defendant if this court should be of the opinion that such verdict should be entered. He then reported the action to this court for determination.

*J. M. O'Donoghue*, for the defendant.

*G. W. Pearson*, (*F. H. Pearson* with him,) for the plaintiff.

CROSBY, J. The plaintiff properly was allowed to amend her pleadings by substituting John Barton Payne, Director General of Railroads for the corporation originally named as defendant, and later by the substitution of James C. Davis, Director General of Railroads in place of his predecessor in that office. *Aetna Mills* v. *Director General of*

*Railroads,* 242 Mass. 255. *Genga* v. *Director General of Railroads,* 243 Mass. 101.

The action is brought to recover for personal injuries received by the plaintiff in the waiting room of the station of the Boston and Maine Railroad in Boston, where she went for the purpose of taking a train for Lowell. The only witnesses who testified at the trial were the plaintiff and her husband. Just before the accident the plaintiff had been to the ladies' toilet room which is at the extreme southeasterly corner of the waiting room; the entrances to the waiting room are from Causeway Street on the southerly side. The door of the toilet room is screened by a wooden partition which extends from the southerly wall of the waiting room eighteen or twenty feet in a line parallel to and about eight feet distant from the easterly wall; the most easterly entrance to the room from the street is next to the partition and at the foot of the stairs leading to and from the elevated station. On the easterly wall of the waiting room, and six or eight feet northerly from the end of the partition, there is a " bubble " fountain. The plaintiff testified that she came out of the ladies' toilet room and proceeded to walk to the train shed in the rear of the station; that beyond the partition there were benches parallel to the easterly wall of the station; that those nearest the partition were about six feet from it; that she was walking between the benches and the fountain, and was almost opposite the latter at the time of the accident; that the floor in that vicinity was wet; " that something hit her; that she thinks that it was a man, as one stopped for a minute; that she did not see him before being struck; that the first thing she knew she was sitting on the floor facing the back of the station; that she found she couldn't stand and that she was helped to a seat on one of the benches." She also testified that she was taken to a hospital, and the next day was carried to her home and was confined to her bed for several months; that the man who had hit her stopped and begged her pardon and stayed for a few moments, she thinks, but she was so dazed she does not know; that she really does not know what hit her, but she " felt something hit her on the

back and found herself sitting on the floor." The plaintiff's husband, who had been waiting for her in another part of the station, testified that he learned of the accident and went to her; at that time she was sitting on one of the benches with a woman taking care of her. He further testified " that there was water on the floor in a circle probably fifteen or sixteen feet from the fountain; that there was some water close to the fountain and then out toward the seats which at that time ran parallel with the wall in which the fountain was; " that there were water or mud stains on her skirt; that the passageway from the outside door to the train shed " was nearly straight, going a little toward the east; that there are no windows in the partition " and no warning signs; that the fountain was six or eight feet away from the end of the partition; that no other part of the station floor was wet except in the vicinity of the fountain.

It is not contended that the plaintiff was not in the exercise of due care when she was hurt.

Although the defendant owed to her the duty of exercising the highest degree of care consistent with the conduct of the business of a common carrier of passengers, it is equally well settled that the defendant cannot be held liable to her for the negligent or wilful conduct of another, unless such conduct could have been reasonably anticipated and guarded against. *McCumber* v. *Boston Elevated Railway*, 207 Mass. 559. *Jackson* v. *Boston Elevated Railway*, 217 Mass. 515. *Eaton* v. *New York, New Haven & Hartford Railroad*, 227 Mass. 113. *MacGilvray* v. *Boston Elevated Railway*, 229 Mass. 65. *Knowles* v. *Boston Elevated Railway*, 233 Mass. 347. There is no evidence to show that the act of the person who collided with the plaintiff could have been anticipated by the defendant.

While the jury found in answer to a question submitted to them, that the screen or partition was a contributing cause of the accident, we are of opinion that the finding was without evidence to support it. It cannot be said that a partition could not properly be placed in front of the entrance to the toilet room. It was of ordinary construction

and substantially like partitions in common use for the purpose of separating one portion of a room from another. There is nothing to show that it was not entirely safe for persons who might have occasion to pass it; its presence would not seem to cause persons exercising ordinary prudence to collide with each other. It does not appear that the plaintiff was knocked down at the moment she emerged from behind the partition, as the undisputed evidence shows that she passed six or eight feet beyond the end of it before she was struck from behind. The finding of the jury that the defendant was negligent in maintaining it, or that it was a contributing cause of the accident, was unwarranted as matter of law. *Hunnewell* v. *Haskell*, 174 Mass. 557. *Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1. *Smith* v. *Johnson*, 219 Mass. 142. *Buzzell* v. *R. H. White Co.* 220 Mass. 129. The case of *Crowe* v. *Boston & Maine Railroad*, 242 Mass. 389, is not pertinent to the facts in the present case; nor do the other cases relied on by the plaintiff sustain her contention that the partition was a contributing cause of the injury.

It properly could not be found that the presence of water on the floor warranted a finding that the defendant was negligent. It does not appear that if the water caused the floor to be slippery and dangerous, that by reason of such condition she slipped and fell; she testified that " something hit her . . . that the first thing she knew she was sitting on the floor;" that " she felt a jar from the back and the first thing she knew she was sitting on the floor in great pain." There is no evidence that she slipped or that the condition of the floor in any way contributed to or caused her to fall: that is purely a matter of conjecture. *Kendall* v. *Boston*, 118 Mass. 234. *McGee* v. *Boston Elevated Railway*, 187 Mass. 569. *Moynihan* v. *Boston & Maine Railroad*, 227 Mass. 180. Even if the wet floor were a contributing cause of the plaintiff's injuries, the defendant could not be charged with negligence unless that condition had existed for such a length of time that the defendant or its servants or agents in the exercise of proper care should have known of it. There was an entire absence of evidence to show how

long the water had been there: the condition may have existed for a considerable period, or it may have occurred so brief a time before the accident that the defendant, in the exercise of a high degree of care could not have discovered it. *Goddard* v. *Boston & Maine Railroad,* 179 Mass. 52. *Norton* v. *Hudner,* 213 Mass. 257. *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127. *Zugbie* v. *J. R. Whipple Co.* 230 Mass. 19. *Sheehan* v. *Holland,* 231 Mass. 246. The facts in the case at bar are clearly distinguishable from those in *Judson v. American Railway Express Co.* 242 Mass. 269.

While the plaintiff met with serious injuries on the premises of the railroad company and without fault on her part so far as appears, yet it is not shown that such injuries were the result of any failure on the part of the defendant to perform any duty it owed her. The defendant's exception to the refusal of the trial judge to direct a verdict in its favor must be sustained; and in accordance with the report judgment is to be entered for the defendant.

*So ordered.*