LIZZIE NERSIFF *vs.* WORCESTER COUNTY INSTITUTION
FOR SAVINGS.

Worcester.   May 22, 1928. — June 28, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, Revolving door.

At the trial of an action of tort for personal injuries against a banking
corporation, there was evidence that the plaintiff, in going out of the
defendant's premises after making a deposit, was using a revolving
door; that a person going into the bank pushed the door so that it
struck the plaintiff; that the door consisted of four bronze wings fas-
tened to a central axis around which the wings revolved; that the door
was equipped with adjustable friction strips of rubber and felt to prevent
the door from spinning and to exclude the cold; that the strips had not
been repaired or readjusted for about two years before the accident and
had so deteriorated from constant use and lapse of time that they
failed properly to connect with the side of the door; and that an em-
ployee of the defendant, who was charged with the duty of keeping the
door properly adjusted, knew of the condition of the strips or in the
exercise of reasonable diligence ought to have known of it.   *Held,*
that the questions, whether the plaintiff was guilty of contributory
negligence, and whether the defendant was negligent, were for the jury.

TORT for personal injuries.   Writ dated April 20, 1923.

In the Superior Court, the action was tried before *Thayer,* J.,
who, at the close of the evidence, denied a motion by the
defendant that a verdict be ordered in its favor.   There was
a verdict for the plaintiff in the sum of $2,000.   The defend-
ant alleged an exception.   Material evidence is stated in the
opinion.

The case was submitted on briefs.

*D. F. Gay,* for the defendant.

*J. J. MacCarthy,* for the plaintiff.

BRALEY, J.   This is an action of tort for personal injuries.
The defendant, at the close of the evidence, moved for a
directed verdict.   The motion was denied and, the jury
having returned a verdict for the plaintiff, the case is here
on the defendant's exceptions.

It is contended by the defendant that the plaintiff's care-
lessness contributed to her injury and that there was no

evidence of the defendant's negligence. The jury would have been warranted in finding the following facts: The entrance to the defendant's banking house provided for the use of customers was through a revolving door. It consisted of four bronze wings with glass panels fastened to a central axis around which the wings revolved, and it was equipped with adjustable friction strips of rubber and felt, to prevent the door, when in use, from spinning and to exclude cold. The plaintiff went to the bank to make a deposit and, having deposited her money, started to go out through the door. While using the door in the ordinary way as a means of exit, a person sought to enter the bank by means of the opposite compartment and in so doing pushed the door so that it struck the plaintiff in the back causing the injuries for which damages are sought.

There was evidence that the friction strips, if used long enough, would not come in contact with the sides of the door and that no repairs or readjustment had been made from 1921 to February 1, 1923, the date of the accident. It appeared in the evidence of one Morse, called as a witness by the plaintiff, that among other duties he was employed by the defendant to look after the friction strips and mechanism of the door and that, when the strips were worn down so that the door got loose, he would have new ones put on. It could be found that the friction strips had so deteriorated from lapse of time and constant use that they failed properly to connect with the frame of the door and that the defendant's employee who was charged with the duty of keeping the door and its equipment properly adjusted knew or in the exercise of reasonable diligence ought to have known of the defective condition. The defendant invited the plaintiff to come upon its premises by using the door and the accident happened while she was lawfully passing out in the usual way, using the door which had become unsafe because of the defendant's negligence. The questions posited were for the jury and the motion was denied rightly. *Plummer* v. *Dill,* 156 Mass. 426. *Norton* v. *Chandler & Co. Inc.* 221 Mass. 99. *Howlett* v. *Dorchester Trust Co.* 256 Mass. 544.

*Exceptions overruled.*