BESSIE WAUGH *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Suffolk.    October 3, 1944. — October 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Negligence,* Store.

Evidence that the plaintiff, a customer in a crowded self-service store of the defendant, was injured when a heavy can fell upon her from the arms of another customer who was not provided with a "stroller" to carry bundles to the counter where payment was made, would not have warranted a finding of negligence of the defendant.

TORT. Writ in the Superior Court dated March 21, 1941. The case was tried before *Greenhalge,* J.

*Joseph J. McGovern,* for the plaintiff.

*C. W. O'Brien,* for the defendant, was not called on.

SPALDING, J.   In this action of tort, on motion of the defendant, a verdict was directed in its favor on the plaintiff's opening to the jury, and the plaintiff excepted.   When this procedure is adopted we must assume that all statements of fact in such opening are true.   *Gray* v. *Boston,* 277 Mass. 166, 167.   The following is a summary of the opening:  The plaintiff was a customer in a self-service store operated by the defendant.   The defendant provided vehicles known as "strollers," on which baskets were placed, for the purpose of receiving such merchandise as the customers might select.   When the plaintiff entered the store it was crowded and the "strollers" were all in use, which resulted in the plaintiff and many other patrons being obliged to carry the merchandise selected by them in their arms.   A customer after making his selections would pass by one of several counters behind which was a clerk, who, after checking the merchandise, would put it in a bag and receive payment for it.   While the plaintiff was standing in a line which had formed to pass by one of these counters an elderly woman in front of her, whose arms were loaded with merchandise, turned or moved in such a manner as to cause one of the heavy cans which she was carrying to fall and injure the plaintiff's foot.   Two of such counters were then in use and twenty to twenty-five persons were waiting to pass by them.

The judge was right in directing a verdict for the defendant.   It cannot be said that the defendant was negligent merely because its store was crowded with customers (*Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1, 3), or because it failed to provide "strollers" or baskets for all of them.   The conditions existing at the time of the accident were open and obvious to any ordinarily intelligent person and the defendant was under no duty to warn the plaintiff of them. *Kitchen* v. *Women's City Club of Boston,* 267 Mass. 229, 232.   *McGuire* v. *Valley Arena Inc.* 299 Mass. 351.   *Sterns* v. *Highland Hotel Co.* 307 Mass. 90, 95–96.   The plaintiff was injured not by any negligence of the defendant, but

by the act of a third person which the defendant could not reasonably be expected to anticipate and guard against. The case is governed by *Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1, *Smith* v. *Johnson,* 219 Mass. 142, *Buzzell* v. *R. H. White Co.* 220 Mass. 129, *Pearson* v. *Director General of Railroads,* 245 Mass. 158, *Callaghan* v. *R. H. White Co.* 303 Mass. 413, and *Sterns* v. *Highland Hotel Co.* 307 Mass. 90. Decisions such as *Lane* v. *Atlantic Works,* 111 |Mass. 136, and *Norton* v. *Chandler & Co. Inc.* 221 Mass. 99, relied on by the plaintiff, are clearly distinguishable.

*Exceptions overruled.*