WILLIAM T. BANNON *vs.* PEERLESS WEIGHING AND VENDING MACHINE CORPORATION.

Norfolk. October 2, 1945. — October 31, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Negligence*, Weighing machine. *Proximate Cause.*

One who had installed and was maintaining a commercial weighing machine of conventional type in the vestibule of a store was under a duty to keep it in reasonably safe condition for its intended use and to anticipate reasonably foreseeable acts of third persons which, due to its character and the manner of its installation, might cause injury to one standing near the machine after having weighed himself thereon.

Evidence as to the distribution of the weight of the parts of a commercial weighing machine of conventional type which its owner had installed and was maintaining in the vestibule of a store, of the slope of flooring under it, of lack of fastening to the building, and of the force necessary to tip it over, would have warranted a finding of negligence of the owner proximately causing injury to one who, after weighing himself, was struck by the machine when a careless push by a third person caused it to fall against him.

TORT. Writ in the Superior Court dated October 16, 1942.

The case was tried before *Greenhalge,* J.

*M. E. Gallagher, Jr.,* (*A. J. Kirwan* with him,) for the plaintiff.

*F. G. Katzmann & M. J. Dray,* for the defendant, submitted a brief.

WILKINS, J. This is an action of tort for personal injuries sustained as a result of alleged negligent installation and maintenance of a weighing machine in a store vestibule in Somerville. The judge at the conclusion of the evidence granted the defendant's motion for a directed verdict subject to the plaintiff's exception.

Although the record is somewhat meager, there was evidence from which the jury could have found the following: On May 9, 1942, the plaintiff and one O'Connor were in the vestibule for the purpose of weighing themselves on a commercial weighing machine, which was apparently of conventional style with a clock face. O'Connor weighed himself first. As the plaintiff stepped onto the scale, an unknown young man with pennies in his hand entered for the same purpose and stood facing the plaintiff to the plaintiff's left. The plaintiff weighed himself, stepped off the scale, lighted a cigarette, and was half way out when O'Connor called, "Look out." The plaintiff turned and saw the machine tipping toward him. He put out his hand, caught it with the tip of his fingers, and the weight of the falling machine carried his hand through a window, taking off the top of a finger. The machine had been "bumped" by the unknown young man, who, still unweighed, "bolted" for a bus in response to a call, "Get the bus" or "Here it comes," from a companion on the sidewalk. The defend-

ant owned the machine, and on September 2, 1941, had placed it in position on the floor of the vestibule which sloped one and five eighths inches in a depth of three feet nine inches. The vestibule was seven feet two inches wide in front and six feet eleven inches wide in back, and led to two doors to the store which were on either side of a mullion in front of which was the base of the weighing machine. The doors were recessed four or five inches from the face of the mullion, and the face of the scale protruded on either side of the mullion. The machine weighed two hundred fifty pounds, distributed as follows: base with platform and levers seventy pounds; column ninety pounds; head, door, and mechanism ninety pounds. The height was sixty-eight and one half inches. There were two front rollers less than an inch wide and slightly more than an inch in diameter. The machine was not fastened to the building, and a pressure of twenty-seven pounds applied horizontally against the center of the head at the outside would start the machine out of equilibrium, and if continued to be applied, the machine would continue to move.

The plaintiff was an invitee to whom the defendant owed the familiar duty to use ordinary care to keep the machine as installed in reasonably safe condition for his use. *Parker* v. *Jordan Marsh Co.* 310 Mass. 227, 229. This duty included the anticipation of reasonably foreseeable acts of third persons which might cause injury to the plaintiff. *Norton* v. *Chandler & Co. Inc.* 221 Mass. 99, 102. *Mitchell* v. *Lonergan,* 285 Mass. 266, 270. *Promisel* v. *Hotels Statler Corp.* 286 Mass. 15, 17. The jury could have found that the defendant was negligent in placing the machine without adequate fastening on a slope in a position where it could and might be knocked over. See *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401, 404; *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417, 419. While the unknown young man might also have been found negligent, it could have been further found that such negligence was foreseeable and did not supersede that of the defendant as an effective factor in causing harm to the plaintiff. Am. Law Inst. Restatement: Torts, § 447. For this reason cases such as *Sterns* v. *High-*

*land Hotel Co.* 307 Mass. 90, and *Waugh* v. *Great Atlantic & Pacific Tea Co.* 317 Mass. 230, relied upon by the defendant, are distinguishable. We think that there was error in the direction of a verdict for the defendant.

*Exceptions sustained.*