**Walter MACKEY et ux., Appellants,**

**v.**

**F. W. WOOLWORTH COMPANY, Appellee.**

**No. 6339.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 16, 1953.

Rehearing Denied Dec. 14, 1953.

Carter, Gallagher, Roberts & Jones, for appellants.

Thompson, Knight, Wright & Simmons, Dallas, for appellee.

MARTIN, Justice.

Walter Mackey and his wife, Jessica Mackey, appellants, brought suit against F. W. Woolworth Company, appellee, to recover for personal injuries sustained by Jessica Mackey when she was struck, while leaving the premises of the appellee, by one of two swinging doors maintained by the appellee in an entranceway about five feet wide. It is appellants' contention that Mrs. Mackey, which leaving the store of appellee, pushed open the right half of the swinging doors and proceeded to leave. When she had crossed the threshold a distance of about one foot, she stepped to her left, into the path of the left door, to allow her companion, Mrs. Phillips, to leave the store. At approximately the same time two men, Mr. Board and Mr. Smith, walked past Mrs. Mackey while entering the store through the left door of the two swinging doors. When Mr. Board released the door, it swung back, knocking Mrs. Mackey off her feet and causing the alleged injuries.

Appellants' pleadings allege only two acts of negligence on the part of appellee and under such pleadings the trial court submitted to the jury two issues as to negligence. Such issues and the jury answers to the same are as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that at the time and on the occasion in question defendant F. W. Woolworth Company maintained the door in question with a back swing of greater force than a reasonably prudent person would have maintained under the same or similar circumstances?

"Answer: No.

"Special Issue No. 3: Do you find from a preponderance of the evidence that the action of defendant, F. W. Woolworth Company, in maintaining two swinging doors in a five-foot doorway was negligence?

"Answer: Yes."

Under the jury finding that appellee did not maintain the door in question with a back swing of greater force than a reasonably prudent person would have maintained the same, it is difficult to conceive of a cause of action thereafter existing under appellants' theory of the case. Under Mrs. Mackey's own testimony she had already passed safely through the swinging doors and the sole proximate cause of her injury was the alleged excessive back swing of the door.

Appellee, in a motion for judgment, contended that there was no evidence to support the submission of the issue that appellee was negligent in maintaining two swinging doors in a five-foot doorway and that it was entitled to judgment non obstante veredicto. The trial court granted appellee's motion and entered judgment for appellee in the cause. Appellant perfected an appeal and presents five points of error. Since the jury found that appellee did not maintain the doors with too great a back swing this appeal is concerned solely with the issue whether there is any evidence to support the jury finding that appellee was negligent in maintaining two swinging doors in a five-foot doorway. On this issue the record will be examined under the appropriate rule stated in Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, Syl. 22, 23 A.L.R.2d 1114.

The record reveals that the two doors in question had been in use for a considerable period of time and that such doors were common doors in a business establishment of this sort. It is further revealed that there were no defects in the doors or in their maintenance. This evidence is supported by the jury finding under Special Issue No. 1 in the cause as quoted above. Appellant, Mrs. Mackey, had used such doors in entering and leaving appellee's store for a period of at least nineteen months and had used these doors, or doors similar to them in the building, four or five times a week. The doors had not been changed in any manner during the period of use and were the same type of doors used in appellee's stores throughout the country and they had been used in this particular store for a considerable length of time without any incidents of this nature having ever been reported.

Appellant, Mrs. Mackey, was an invitee in the place of business of appellee but appellee was not thereby an insurer as to her safety while she was on the premises. Appellee owed to an invitee in its place of business the duty "to use reasonable care to keep the premises in a reasonably safe condition so that he will not be injured." Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497, 500. Since no dangerous condition was shown to exist as to the doors, there is no need to discuss the further rule that "the owner or occupant of the premises does not owe to the business invitee the duty to protect him against dangerous conditions 'that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant.'" Hall v. Medical Bldg. of Houston, supra.

There is no evidence in the record supporting the issue that appellee was negligent in maintaining two swinging doors in a five-foot doorway. The trial court correctly entered judgment for appellee notwithstanding the verdict of the jury. Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Camp v. J. H. Kirkpatrick Co., Tex.Civ.App., 250 S.W.2d

413; Callaghan v. R. H. White Co., 303 Mass. 413, 22 N.E.2d 10.

The above ruling disposes of this appeal and appellants' five points of error are overruled. The judgment of the trial court is affirmed.