# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

ESTHER NEVANRANTA *vs.* JENNY KOSKI. November 29, 1956. Exceptions overruled. The defendant excepted to the denial of her motion for a directed verdict and to the admission of certain medical evidence. The action was to recover for personal injuries incurred on January 28, 1951, in Foxboro caused by the alleged gross negligence of the defendant in operating an automobile in which the plaintiff was riding as a guest. There was evidence of persistence in a negligent course of conduct over an appreciable period of time culminating in an accident sufficient under our decisions to warrant a finding for the plaintiff. See *Dombrowski* v. *Gedman,* 299 Mass. 87; *O'Neill* v. *McDonald,* 301 Mass. 256, 259; *McGaffigan* v. *Kennedy,* 302 Mass. 12, 14–15. There was no error in finding the attending physician of the plaintiff, who was a general practitioner, qualified to give an opinion that the accident was a contributing cause of the plaintiff's tuberculosis which subsequently developed and in allowing his testimony to this effect to stand. See *Hardiman* v. *Brown,* 162 Mass. 585, 587.

The case was submitted on briefs.
*Sumner W. Elton,* for the defendant.
*Thomas S. Carey,* for the plaintiff.

JOANNA MITCHELL *vs.* WILLIAM FILENE'S SONS COMPANY. November 29, 1956. Exceptions overruled. The plaintiff seeks to recover for personal injuries incurred on July 12, 1949, when entering the Summer Street entrance of the defendant's store in Boston. After a verdict for the plaintiff, the judge entered a verdict for the defendant under leave reserved. The plaintiff excepted. Access to the store was afforded by two swinging doors of wood and glass which swung outward and when closed met in the center of the doorway. The plaintiff, who appears to have been the only witness to the accident, testified that she took hold of the handle of the right hand door; that it came toward her "very suddenly"; that she was thrown off balance and was struck by the left hand door which opened at the same time; and that she was thrown over backwards and injured. She said that she saw no one going in or coming out. An expert witness for the plaintiff who observed the doors on July 28, 1949, and made an inspection by opening and closing them testified that the left hand door opened "too easy" due in his opinion to lack of oil in the spring door check. It took more pressure to open the right hand door than the left hand door. The case is governed by *Callaghan* v. *R. H. White Co.* 303 Mass. 413. The evidence did not warrant a finding that the plaintiff's injuries were caused by the negligent maintenance of defective doors.

*Mayo A. Darling,* for the plaintiff.
*Walter F. Henneberry,* for the defendant.