REGINA FLYNN *vs.* F. W. WOOLWORTH COMPANY. January 7, 1959. Exceptions overruled. The plaintiff seeks to recover for personal injuries sustained by her while leaving the defendant's store on Riverside Avenue in Medford. After a verdict for the plaintiff, the judge entered a verdict for the defendant under leave reserved, to which the plaintiff excepted. The doorway in question was eight feet high and consisted of two doors of glass panels enclosed in wooden frames which swung outward and when closed met in the center of the doorway. The plaintiff, who had used the exit on numerous occasions, had just made a purchase and was carrying in her arms several books and a small box. She testified that she intended to take a bus to her home, but was "not in any particular hurry," and that she "pushed the door open with her left hand and the next thing she knew she was sitting on the sidewalk with some glass on her lap." As there is no evidence of any negligence on the part of the defendant with respect to the maintenance of the doorway, the plaintiff cannot recover. *Smith* v. *Johnson*, 219 Mass. 142. *Buzzell* v. *R. H. White Co.* 220 Mass. 129. *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101. *Callaghan* v. *R. H. White Co.* 303 Mass. 413. *Sterns* v. *Highland Hotel Co.* 307 Mass. 90. *Rosenberg* v. *Hartman*, 313 Mass. 54. *Mitchell* v. *William Filene's Sons Co.* 335 Mass. 760. *Valunas* v. *J. J. Newberry Co. Inc.* 336 Mass. 305. *Home Pub. Mkt.* v. *Newrock*, 111 Colo. 428. Compare *Norton* v. *Chandler & Co. Inc.* 221 Mass. 99; *Nersiff* v. *Worcester County Inst. for Sav.* 264 Mass. 228; *Promisel* v. *Hotels Statler Corp.* 286 Mass. 15; *Rutherford* v. *United States*, 93 F. Supp. 772.

*Allan R. Kingston*, for the plaintiff.

*George E. Donovan*, for the defendant.