*Western District*

**TIMOTHY CLOUART, ppa
AND
WILLIAM R. CLOUART
v.
ATLAS SHOPPERS WORLD**

Argued: April 28, 1965—Decided: May 24, 1965

*Present*: Garvey, P. J., Moore & Allen, JJ.

Case tried to *DiVitto, J.* in the Third District Court of Southern Worcester. No. 12460.

*Garvey, J.* In this action of tort the plaintiff, Timothy Clouart, (Timothy), a minor seeks to recover damages for personal injuries sustained while he was an admitted business invitee on the defendant's premises. His father, William R. Clouart, seeks consequential damages. The defendant denies liability.

There was a finding for the defendant. The case is reported at the request of the plaintiff.[1] who claims to be aggrieved by the denial of his requests for rulings of law.

The reported evidence most favorable to the plaintiffs shows that in the early afternoon of October 27, 1960, while his mother was shopping in the defendant's store,[2] Timothy, then two years and five months old, accompanied by his father, was walking on a concrete platform about seven feet wide extending

---

[1] The requests and the report refer to the plaintiff. There were two. We assume plaintiff means Timothy.

[2] The parties stipulated the defendant operated a discount type store for the sale of household goods, hardware, clothing and sundry other items.

the length of the front of the defendant's store toward an area where the defendant maintained and controlled amusement devices on which the children could be given rides. Near this amusement area there were two doors permitting ingress and egress to and from the store. The exit door, about seven feet high and three and one-half to four feet wide was made of transparent glass encased in a metal frame. A woman carrying bundles suddenly pushed the exit door causing it to swing out onto the platform where it struck Timothy who was holding his father's hand, knocking him into one of the amusement devices located two or three feet away.

The trial judge in special findings, after finding facts based on the evidence set out above, concluded by stating:

"(T)hat placing amusements within two or three feet of the door did not constitute negligence on the part of the defendant, nor was the defendant negligent for the acts of the third person who came through the door which struck the boy. I find no evidence of a defect on the door or on the premises. The location and construction of the door was plain and obvious and called for no warning from the defendant."

The plaintiff's requests for rulings of law, as we understand them, asked the court to rule that the evidence warranted a finding that the defendant was negligent by (1) maintaining a swinging door that opened out onto an area on which business invitees were in-

vited to walk to reach the amusement devices maintained by it; (2) by maintaining amusement machines located two to three feet from an outward swinging door; (3) by not having a "guard (we interpret this to mean attendant) or some other precautionary arrangements, . . . . . stationed at the swinging door"; (4) the combination of these factors; and (5) it was foreseeable that negligent acts by a third person in using the door might cause injury to one in the position of Timothy.

■ There was no error in the denial of these requests.

"The defendant's duty to the plaintiff was to exercise reasonable care to keep its premises in a reasonably safe condition for (his) use according to the invitation, or, at least, to warn (him) against any dangers attendant upon such use that were not known to (him) or obvious to an ordinarily intelligent person, and either were known or, in the exercise of reasonable care, should have been known to the defendant. *Lord v. Lowell Institution for Savings,* 304 Mass. 212, 215, and cases cited." *Sterns v. Highland Hotel Co.,* 307 Mass. 90, 92.

■ "(T)he same duty is owed to a minor accompanied by an adult customer." *Valunas v. J. J. Newbury Co., Inc.,* 336 Mass. 305, 306.

■ A store owner has a right to make reasonable use of its premises in the conduct of its business as it is not to be "anticipated

that it would be a source of danger to invited persons who would expect to find in the store conditions which would naturally attend the manner in which the business was openly and visibly carried on". *Griffin v. Fletcher Hardware Co., Inc.,* 327 Mass. 235, 236; *Byron v. Fresh Pond Open Air Theatre,* 333 Mass. 121, 124.

As in the instant case, "(T)he location and construction of the doors and panels were plain and obvious and called for no warning from the defendant." *Valunas v. J. J. Newberry Co., Inc.,* 336 Mass. 305, 306. The location of the amusement devices was incidental to a proper use of the defendant's premises in the conduct of its business.

■ When conditions are open and obvious, one is not liable for the negligence of other customers and supervision of a swinging door is not necessary where "It must have been obvious to the plaintiff that the doors would be opened and closed by customers of the store without supervision by employees of the defendant. The defendant was not obliged to make different arrangements as to the use of the doors since the conditions were open and obvious to an ordinarily intelligent person, and the defendant would not be liable for an injury due solely to the negligence of other customers in the operation of the doors". *Callaghan v. R. H. White Co.,* 303 Mass. 413, 415.

In *Sterns v. Highland Hotel Co., Inc.,* 307 Mass. 90, a case closely resembling the one

under consideration, recovery was not per-mitted when the revolving exit door, by means of which the plaintiff was leaving a hotel, was accelerated by one entering causing the door to speed up, the plaintiff to lose her footing and fall on to a sidewalk close to the door.

The court said at pages 92 and 93:

"In short, the plaintiff contends that the door was improperly located and that its proximity to the edge of the step to the sidewalk created a danger that was in-creased by the acceleration of her speed in passing through the door; that this speed could have been controlled by a doorman or by the use of grab bars which would have afforded the plaintiff an opportunity of steadying herself before leaving the door and stepping to the sidewalk".

"The door was of standard make, of a kind in common use, with no evidence of any defect in its condition, and there was nothing to show that it was not entirely safe when properly used by persons passing through. *Smith v. Johnson*, 219 Mass. 142; *Buzzell v. R. H. White Co.*, 220 Mass. 129. It was said in the *Smith* case, which was one in-volving a swinging door, at pages 142 and 143: 'If . . . . . the ordinary speed of the door was increased by another customer negligently pushing it . . . . ., the defend-ants are not responsible therefor,' and that in the circumstances of the case, the failure to furnish a doorkeeper in no way con-

tributed to the plaintiff's injury. In the *Buzzell* case it was stated at page 131: 'There is no more reason for an attendant in case of a revolving door than there was in case of the swinging doors in question in *Smith v. Johnson.*' In the *Buzzell* case there was evidence that, as the plaintiff was leaving the defendant's premises through a revolving door, its speed increased suddenly as if it had been pushed by someone, and it began to whirl around rapidly taking the plaintiff off her feet and throwing her violently to the floor. She did not trip or slip and the door was going so fast that it carried her along. She tried to get out quickly as the door came around to the exit, but it was going so fast that she could not. It was held that a verdict for the defendant was rightly directed."

See also *MacKay v. First National Stores, Inc.,* 16 Legalite 176. (April 5, 1965)

The case under consideration is distinguishable from *Bannon v. Peerless Weighing & Machine Corp.,* 318 Mass. 607 on which the plaintiff relies. There the court held a jury question was presented where a plaintiff was injured by a weighing machine in a store vestibule being toppled onto him when it was negligently bumped by another customer. It could have been found the court held, "that the defendant was negligent in placing the machine without adequate fastening on a slope in a position where it could and might be knocked over". It is not contended here

that the door was not of standard make, or there was any negligence in the construction and maintenance of the door, the platform, or the amusement devices.

If it could be held, which we doubt but need not decide, that the evidence would warrant a finding for the plaintiff, it would not require such a finding as the plaintiff mistakenly seems to think. Further, a trial justice is not required to deal with indecisive portions of the evidence to which some of the requests seem to be directed, *Stella v. Curtis,* 1965 AS 201, 205, and his special finding of no negligence, which was justified on the evidence, made the requests immaterial and their denial proper. *Connell v. Maynard,* 322 Mass. 245.

*The report is to be dismissed.*

Pacifico M. DeCapua, of Milford, for the Plaintiffs.
Stephen A. Hopkins, of Boston, for the Defendant.