PARDINGTON v. ABRAHAM et al.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. NEGLIGENCE—DANGEROUS PREMISES—DEPARTMENT STORES—SWINGING DOORS —ACTS OF THIRD PERSONS.

Where plaintiff, a visitor at a department store, was injured by being violently struck by a swinging door as she was making her exit therefrom, and the motion of the door at the time plaintiff was hit was due to the act of another visitor, who pushed open the door as she preceded plaintiff from the store, and let it swing back on plaintiff, the negligence, if any, was that of a third person, for which the owners of the store were not liable.

2. SAME—DANGEROUS APPLIANCES.

Where swinging doors, with springs of greater strength than those attached to doors attached to defendants' department store, by which plaintiff was injured, were proved to be in use in numerous like establishments in the same city, and there was no proof that there was anything about their construction or operation to make them dangerous to customers of the store, provided they were used with ordinary care, the construction, arrangement, and management of such swinging doors was not negligent.

Woodward and Hooker, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by Eliza C. Pardington against Abraham Abraham and others. From a judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial, they appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

George Gordon Battle, for appellants.
George G. Reynolds, for respondent.

WILLARD BARTLETT, J. The plaintiff was injured by being struck by a swinging door as she was coming out of the department store of the defendants. In her complaint she alleges that, "in consequence of the negligent, unsafe, and improper construction, arrangement, and management of said door, and of the springs attached thereto, said door swung back with great and dangerous force, and struck the plaintiff a violent blow on the head and body." She testifies that as she started to go out the door was open, and just as she reached the sill, a woman who was ahead of her left the door, and it flew back and knocked her down. The only other witness who testifies to actually having seen the accident was at the time a footman in the service of the defendants. He describes what happened as follows:

"At the time that she was struck neither of those doors was fastened back any way. They were both swinging, unless in the warm weather they would be fastened back. I saw the person who came out just before her. She was a lady, and I saw her push the door in full force, and the other lady that was coming out back she was like turned and looking at something in the show window and the door struck Mrs. Pardington."

It is quite apparent from all the testimony concerning the occurrence that the motion of the door at the time it hit the plaintiff was due to the action of some other visitor to the store, who pushed open the door and let it swing back upon the plaintiff just as she reached the threshold. For this action the defendants are not responsible. Nor

does it seem to me that they can be held liable for negligence on the ground that the construction or arrangement or management of the swinging doors was improper or unsafe. The proof showed that similar doors, with springs of the same or greater strength, are in use at numerous like establishments in the borough of Brooklyn and the borough of Manhattan. There does not appear to be anything about their construction or operation to make them dangerous to the customers of a department store, provided ordinary and reasonable care is exercised in their use. That it is possible to use them so as to injure others is demonstrated by this very accident; but carelessness in the use of any form of door may inflict injury upon one who happens to be sufficiently near it. No doubt the plaintiff has been the victim of a lamentable accident; but it is attributable, as it seems to me, not to any fault of the defendants, but rather to the hasty carelessness of a third person, over whose movements and conduct they had no control. In my opinion, therefore, the plaintiff has failed to make out a cause of action, and the defendants are entitled to a reversal of the judgment.

Judgment and order reversed, and new trial granted, with costs to abide the event. All concur, except WOODWARD and HOOKER, JJ., who dissent.