May Dolan, *pro ami., vs.* Callender, McAuslan & Troup
Company.

PROVIDENCE—JUNE 3, 1904.

Present: Tillinghast, Douglas, and Blodgett, JJ.

(1)  *Storm Doors.   Negligence.   Judicial Notice.*

Declaration alleged that while plaintiff, a child of twelve years of age, was
entering defendant's store, she was injured by a storm door swinging back
and striking her fingers with such force as to break the bones; and alleged
as negligence that the door was dangerous in this, that it was a double storm
door of great weight, to which were attached springs of great strength which
forced the sides back with great force, and that while plaintiff was attempt-
ing to open one side, the other side, which had been opened by some other
person, flew back and struck plaintiff.

*Held,* that the court would take judicial notice that such doors were not
dangerous appliances in their construction

*Held,* further, that plaintiff was not in the exercise of ordinary care when
injured.

Trespass on the Case for negligence.   Heard on demurrer
to declaration and judgment for defendant.

Tillinghast, J.   This is trespass on the case for negligence.
The declaration alleges that while the plaintiff was entering
the defendant's store she was injured by a storm-door swinging
back and striking her fingers with such force as to break the
bones of two of them, besides injuring her hand in other respects.
(1)    The negligence alleged is that the door which caused said
injury was an unsuitable and dangerous one in this, that it
was a double storm-door of great weight, to which were attached
springs of great strength which forced the sides thereof back
with great force, and that while the plaintiff, who is a child of
the age of twelve years, was attempting to open one side of
said double door, for the purpose of entering the defendant's
store, the other side thereof, which had been opened by some
person to the plaintiff unknown, flew back and struck the
plaintiff on her hand, injuring her as aforesaid.   She also
alleges that she was in the exercise of due care at the time of
receiving said injury.

The defendant has demurred to the declaration on the

grounds (1) that it sets forth no negligence on the part of defendant, it appearing from the declaration that said door could not be dangerous if used with ordinary care; (2) that it also appears by the declaration that the nature and construction of the door were not the proximate cause of the plaintiff's injury, but merely a condition thereof, the efficient cause of the accident being the intervening act of a third person and (3) that it appears that the plaintiff's own negligence contributed to the injury complained of.

We think the demurrer should be sustained upon all of the grounds specified.

It is evident from the facts stated in the declaration that the storm-doors in question were of ordinary construction, and such as are in common use everywhere. And we think the court can properly take judicial notice that such doors are not dangerous appliances. Such a door, like any other door, may become dangerous when carelessly or improperly used, but the defendant was not called upon to anticipate any such use thereof. And it is perfectly evident that, by the exercise of the most ordinary care in the use thereof by the plaintiff, no injury would have been sustained by her.

Of course it is possible for a person, by placing his hand on the inner edge of either of said swing doors when opening or closing the same, to have his hand caught and injured by the other swing door coming in contact therewith. But those persons who are old enough to be safely trusted in the streets must be presumed to have sufficient intelligence and judgment to avoid such an obvious danger.

The declaration in the unreported case of *Fechney* v. *Providence Building Co.* (No. 10,761), decided June 28, 1901, stated a much stronger case for the plaintiff than does the one now before us, as the heavy revolving door or turnstile there complained of was much more difficult to handle than are ordinary storm-doors, and was by no means in such common use. But the court sustained the demurrer to the declaration in that case on the ground (as we now recollect it, although no written opinion was handed down) that it was not negligence on the part of the defendant to construct and use such an appliance.

See the very full and carefully drawn declaration in that case.

The demurrer to the declaration now before us is sustained, and, as it is evident that it can not be so amended as to state a cause of action, the case is remanded with direction to enter judgment for the defendant.

*T. F. Farrell*, for plaintiff.

*Comstock & Gardner*, for defendant.