FORD v. JOHN WANAMAKER. (No. 6629.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. NEGLIGENCE (§ 44*)—DANGEROUS PREMISES—LIABILITY.
    A department store proprietor must exercise reasonable care to maintain the premises in a safe condition, so that the public, invited by implication, may not be injured; and his act in maintaining an aisle between a counter and a swinging door, so that shoppers in passing the aisle are in danger of being struck by the door when swung open, may be found to be a failure to exercise proper care.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 59; Dec. Dig. § 44.*]

2. NEGLIGENCE (§ 67*)—USE OF PREMISES—CARE REQUIRED.
    A customer in a store must exercise reasonable care to avoid injury to herself.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 90, 91; Dec. Dig. § 67.*]

3. NEGLIGENCE (§ 44*)—DANGEROUS PREMISES—LIABILITY.
    Where a department store proprietor negligently maintained a swinging door, and a customer was struck when the door was opened, and the negligence was the efficient and proximate cause of the accident, the proprietor was liable therefor, provided the customer was free from contributory negligence, and the accident was not the result of the intervention of an independent cause, which the proprietor could not anticipate, and without which the accident would not have happened.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 59; Dec. Dig. § 44.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. TRIAL (§ 337*)—INSTRUCTIONS—LAW OF THE CASE.

The instructions are the law of the case, and must be followed, whether right or wrong.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 790; Dec. Dig. § 337.*]

5. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—CONFLICTING INSTRUCTIONS.

Where the court gave correct instructions and a requested erroneous instruction a verdict in conformity to the correct instructions could not be affirmed, for the jury might have been of the opinion that the defeated party was liable on some other theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Ingraham, P. J., and McLaughlin, J., dissenting in part.

Appeal from Trial Term, New York County.

Action by Emily M. Ford against John Wanamaker. From a judgment for plaintiff, and from an order denying new trial, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Stephen P. Anderton, of New York City (James F. Mahan, of New York City, on the brief), for appellant.

Oswald N. Jacoby, of New York City, for respondent.

LAUGHLIN, J. Shortly after 2 o'clock in the afternoon on the 23d day of December, 1912, the plaintiff, who was then 80 years of age, was in the defendant's department store at Broadway and Ninth street, in the borough of Manhattan, New York, for the purpose of shopping. After purchasing some articles at a lace counter, which ran northerly and southerly, she proceeded to pass between the end of the counter and swinging doors leading into the store from Broadway, on her way to an aisle running easterly and westerly along the ninth street side of the store, and while so doing she was struck by one of the doors, which, according to her testimony, was opened with great violence, and precipitated to the floor, causing injuries to recover for which she brought this action.

The negligence charged is in maintaining a counter so close to the swinging door as to endanger persons, invited onto the premises for the purpose of shopping, while passing from one aisle between counters to another. The plaintiff and two witnesses called in her behalf testified that when the northerly door was open it swung within from seven inches to a foot of the counter, and her testimony tends to show that she was struck by that door while she was passing close to the end of the counter. On the part of the defendant evidence was given tending to show that the distance between that door when opened and the counter was four feet or more.

[1-3] The learned trial justice, in submitting the case to the jury, stated that counsel for the defendant conceded in summing up that, if there was a space of only six or seven inches between the swinging door and the counter, they would be justified in predicating negligence

on that fact; and he instructed the jury that it was the duty of the defendant to exercise reasonable care to maintain its premises in a safe condition, to the end that the public invited thereon by implication should not be injured, and that it was the duty of the plaintiff to exercise reasonable care to avoid injury to herself. The jury were also instructed that the plaintiff claimed that the injuries sustained were the direct and proximate result of the negligence of the defendant in thus maintaining the counter and door in too close proximity; that if the defendant was negligent, and without its negligence the accident would not have happened, and the accident was one which it would have foreseen, if it had exercised reasonable care, then the defendant's negligence would be established; that if the negligence with which the defendant was charged was the natural, efficient, and proximate cause of the accident, the defendant would be liable therefor, provided the plaintiff was free from contributory negligence; but that if it was "the result of the intervention of an independent cause which defendant could not anticipate," and without which the accident would not have happened, the defendant would not be liable. By these and other instructions the case was properly submitted to the jury by the charge in chief. The case is plainly distinguishable from Pardington v. Abraham & Strauss, 93 App. Div. 359, 87 N. Y. Supp. 670, in which it was sought to predicate negligence on the use of swinging doors, without regard to the distance between them and counters.

[4] The last instruction given to the jury in the case at bar was that they might consider, in determining whether or not defendant was negligent, the fact, as shown by the evidence, that similar swing doors with springs of the same or greater strength were in common use in other department stores. The second last instruction given to the jury was at the request of counsel for the defendant, and is as follows:

"I ask your honor to charge that even if the jury find that the defendant was negligent in maintaining its counter in the place testified to by the plaintiff, and the plaintiff while passing along the end of said counter was struck by a swinging door of defendant, by reason of some person unknown proceeding out of the door, permitting it to fly back and violently hit the plaintiff, that the act of such person, in law, was the intervening act of a third person, and the proximate cause of the injury to the plaintiff, and that defendant is not liable."

It was given by a reply to the request as follows:

"Yes; I will charge that."

That final instruction became the law of the case for the guidance of the jury, and if they followed it they should have rendered a verdict for the defendant.

[5] The learned counsel for the plaintiff concedes that, if the proposition so charged was sound, the court should have nonsuited his client; but he argues that, since the proposition is inconsistent with the charge in chief, it is reasonable to assume that it was inadvertently given, and that the jury disregarded it. It will not do to affirm, on that theory, judgments entered upon verdicts. It may be that the jury were of opinion that the defendant was liable on some other the-

ory, and that they undersood that the court, in submitting to and leaving the case with them, recognized that there were other facts upon which liability could be predicated. According to the plaintiff's claim, the accident occurred precisely as recited in the instruction to which attention has been drawn. We think that the instruction involved an erroneous principle of law as applied to this case, for we are of opinion that it cannot be said as matter of law that it was not negligence for the defendant to maintain a door so close to an aisle or passageway in its store, where it invites the public to purchase its wares, that shoppers are in danger of being struck by a swinging door while passing along what, under the arrangement and construction of the store, appears to be an aisle leading to counters where goods are displayed for sale. On account of the error in the charge to which attention has been drawn, the judgment cannot be permitted to stand.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

DOWLING, and HOTCHKISS, JJ., concur.

McLAUGHLIN, J. I concur in the opinion of Mr. Justice LAUGHLIN, in so far as he directs a reversal of the judgment and order appealed from, and dissent from that part which orders a new trial.

The evidence adduced at the trial did not, in my opinion, establish any negligence on the part of the defendant. He had a right to have doors leading into his store; otherwise, it is difficult to see how the store could be run. The case is absolutely barren of any evidence, as I read the record, that the construction, arrangement, or management of the swinging doors were improper or unsafe. There was nothing about their construction or operation to make them dangerous to the customers, provided they used reasonable care in entering, leaving. and going about the store. It is quite apparent, from all the testimony concerning the occurrence, that the motion of the door, at the time it hit the plaintiff, was due to the action of some third person who pushed it open and let it swing back upon her just as she was passing near it. She paid no attention to the door, nor does she know how she came to be hit by it. To use her own words:

"I don't know that I recollect what the doors were especially; * * * paid no attention to what the doors were."

The case, in principle, cannot be distinguished from Pardington v. Abraham, 93 App. Div. 359, 87 N. Y. Supp. 670, affirmed on opinion below 183 N. Y. 553, 76 N. E. 1102.

I, therefore, am of the opinion that at the close of the case a verdict should have been directed in favor of the defendant.

INGRAHAM, P. J., concurs.