JOSEPHINE PROMISEL *vs.* HOTELS STATLER CORPORATION.

ROBERT PROMISEL *vs.* SAME.

Suffolk.   January 5, 1934. — March 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Negligence,* Of proprietor of hotel, Revolving door, Proximate cause.

At the trial of an action of tort against the proprietor of a hotel by one
who was knocked down by a revolving door at its entrance, there
was evidence that the plaintiff was entering the hotel at the invita-
tion of a guest; that he was knocked down by the door when it was
caused suddenly to revolve by one who was coming from the hotel
and who did not see, and was not seen by, the plaintiff because a
glass panel in one of the leaves of the door had been replaced by a
board; that, either a few days or two weeks before the accident, the
glass panel had been broken and had been replaced by the board and
a new glass panel promptly ordered from another city, which was the
only place where it could be obtained; that with two minutes' work
the leaf of the door containing the broken panel could have been col-
lapsed upon other leaves so as to permit unobstructed passage through
the door; that close at hand were other entrances; and that a door
man was outside the door in the immediate vicinity. The trial judge
refused to order a verdict for the defendant. *Held,* that

(1) A finding was warranted that the opaqueness of the board
created a danger in the use of the revolving door which made it de-
fective and called for care in supervision of its use, which the defend-
ant failed to exercise;

(2) While the defendant was not responsible for negligent conduct
of others in hurrying through the door, in the circumstances the mere
fact that a third person moved the door did not as a matter of law
require a finding that the causal connection between the negligence
of the defendant and the plaintiff's injury was broken;

(3) The refusal to order a verdict for the defendant was proper.

TWO ACTIONS OF TORT, the first by a woman for personal
injuries sustained as described in the opinion, and the second
by her husband for consequential damages. Writs dated
May 24, 1929, and December 20, 1929.

In the Superior Court, the actions were tried together
before *Bishop,* J. Material evidence is described in the
opinion. The judge denied motions by the defendant that

verdicts be ordered in its favor. There were verdicts for the plaintiffs, respectively, in the sums of $1,300 and $734. The defendant alleged exceptions.

*R. H. Lee,* for the defendant.

*J. A. Treanor, Jr.,* for the plaintiffs.

WAIT, J. The female plaintiff was struck and injured by a revolving door as she was about to enter an hotel where she intended to dine with a permanent guest of the hotel. The door was the ordinary revolving door with compartments formed by four leaves, each fixed at right angles to the adjoining leaves, arranged to swing simultaneously around a central axis. This door revolved only from left to right as one faced it. Each leaf, when in perfect condition, contained a glass panel through which the user could see any one who sought to use the door from the opposite direction. On the day of the accident, one of the glass panels which had ,been broken had been replaced by an opaque panel of beaver board, intended to be used until a new glass panel could be obtained from the manufacturer at Pittsburg, Pennsylvania. This beaver board cut off from one entering the compartment from the sidewalk any view of a person entering the door from within the hotel. The evidence was in conflict whether the beaver board had been in use for a few days or for two weeks. A new glass panel had been ordered promptly from Pittsburg, the only place where it could be obtained. Close at hand were other entrance doors to the hotel.

The female plaintiff approached the door from the left. Her body was parallel with a leaf of the door which stood at right angles to the sidewalk projecting about nine inches beyond the line of the casing. She noticed that the leaf to her left, between her and the interior of the hotel, was boarded up. As she put her left hand on the outer edge in order to push the door in the direction she wished to go, the door was revolved suddenly. A man was seen to come through from the hotel to the sidewalk. She was struck by the door and knocked to the sidewalk. A door man in uniform who had been observed assisting people in and out of the hotel came from the direction of the curbstone

of the sidewalk and assisted her to her feet. With two minutes' work, the damaged leaf could have been so collapsed upon other leaves as to permit unobstructed passage through the door.

The only question for decision is whether there was error in the denial by the trial judge of the defendant's motions for directed verdicts in its favor on the ground that there was no evidence which would support a finding that it had been negligent.

We think the judge was right. It well might be found that the opaque beaver board created a danger in the use of the revolving door which made it defective; and called for care in oversight of its use which the defendant failed to provide. The length of time during which the door in its defective condition was permitted to be used was in dispute. Reasonable care might depend upon how long the risk of use while defective was continued. The defendant was not responsible for negligent conduct of others in hurrying through the door, *Smith* v. *Johnson*, 219 Mass. 142; but the fact that a third person moved the door does not necessarily break the causal connection of the defendant with the injury, if such action should have been anticipated. *Norton* v. *Chandler & Co. Inc.* 221 Mass. 99. The remark in *Buzzell* v. *R. H. White Co.* 220 Mass. 129, 131, that an attendant upon a revolving door is not necessary was not made in regard to a defective door, known, as this must have been known, to be liable to be swung by a person who could not see another in a position of danger on the other side of one of the leaves. The cases fall within *Nersiff* v. *Worcester County Institution for Savings*, 264 Mass. 228, and *Norton* v. *Chandler & Co. Inc.* 221 Mass. 99, rather than *Buzzell* v. *R. H. White Co.* 220 Mass. 129. They were for a jury.

*Exceptions overruled.*