THE PEOPLE OF THE STATE OF NEW YORK ex rel. 42ND STREET BUILDING CORP., Appellant, v. WILLIAM STANLEY MILLER and Others, Commissioners of the Board of Taxes and Assessments of the City of New York, Respondents.— Proceeding to review an assessment on real property. Final order reversed on the law and the facts and new trial granted, costs to appellant to abide the event. Lazansky, P. J., Hagarty and Close, JJ., concur. The uncontradicted proof adduced on behalf of the appellant was sufficient to overcome the presumption of the correctness of the assessment, and to show that there has been over-valuation. The precise amount of that over-valuation should have been determined. The adjudication of the assessed valuation for the preceding year, while competent proof, was not conclusive. (*People ex rel. Hilton* v. *Fahrenkopf*, 279 N. Y. 49, 52, 53.) Upon a new trial, all of the available elements to be considered in determining the issue should be presented. The present record is skimpy and abortive, and the question of construction costs, presented by respondents, was not urged at the trial. Johnston and Taylor, JJ., concur for reversal, but vote for remission of the matter to Special Term, with a direction that a final order be entered fixing the taxable value for the year of 1937 of the real property here involved, at $36,100 for the land and $245,000 for the building, a total of $281,100, upon the ground that the evidence not only warrants but compels such finding of value.

ELIZABETH ROY and ARTHUR ROY, Appellants, v. F. W. WOOLWORTH Co., Respondent.— Action by Elizabeth Roy to recover damages for personal injuries sustained when her foot caught in a hook attached to a door in defendant's store; and by her husband, Arthur Roy, for loss of services and expenses incurred by reason of his wife's injuries. Order of Appellate Term reversing a judgment of the City Court of the City of New York, County of Queens, and dismissing the complaint, reversed on the law, judgment of the City Court vacated, and a new trial ordered, with costs in this court and in the Appellate Term to abide the event. The hook which caught the strap of the plaintiff-wife's shoe on her left foot as she was on her way out of the defendant's store is approximately five and one-half inches in length. It dangled downward about three and one-half inches from the left side of the door, as one faces it from the store. The door was a heavy one. Although the hook easily could have been secured by affixing it to an eye attached to the door, that was not done. It was for the jury to say whether or not the condition constituted a nuisance, or in the alternative, whether or not defendant was negligent in failing to anticipate an accident of the kind which did occur. (*Kern* v. *Great Atlantic & Pacific Tea Company*, 241 N. Y. 600; *Ford* v. *Wanamaker*, 165 App. Div. 284.) Plaintiffs were entitled to go to the jury on both theories. (*Venable* v. *Consolidated Dry Goods Co.*, 225 App. Div. 202; affd., 251 N. Y. 585.) Defendant, however, has the right to show that no similar accident had occurred during the time that this condition prevailed. Hagarty, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Adel, J., dissent and vote to affirm the order.