## RATHMAN, Appellee, v. FIRST AMERICAN BANK & TRUST COMPANY, Appellant.

Ohio Appeals, First District, Butler County.

No. 853.   Decided July 2, 1943.

Baden, & Fiehrer, Hamilton, and Mr. C. W. Elliott, Middletown, for appellee.
Andrews & Weiss, Hamilton, for appellant.

## OPINION

By ROSS, P. J.

The defendant has appealed to this Court upon questions of law from a judgment of the Court of Common Pleas of Butler County in favor of the plaintiff in the amount of $10,000.00.

It appears that the plaintiff was a lady of some eighty years of age; that she had, on January 2, 1941, some business to transact with the bank operated by the defendant in its bank and office building.

After transacting her business with the bank, she proceeded to the exits, which consisted of a revolving door flanked by an ordinary swinging door on either side. She used the revolving door. It was stationary as she approached the panel against which she was required to press in order that the door might revolve and permit her exit from the bank. She exerted the necessary force to cause the door to revolve and somewhere between half way through and her complete clearance of the door, was struck by the panel behind her with such violence that she was pitched or thrown out of the door and across a ten foot sidewalk, from which experience she suffered a broken hip, and sundry bruises and injuries. She made a surprising recovery considering her age, and this fact is emphasized by the defendant as an argument in favor of excessive damages. As to this assignment of error, the evidence fully justifies the finding of the jury.

The charges of negligence included a claim that no speed control device was used on the door, and that it was permitted to lapse into a condition allowing the door to revolve at an excessive speed.

It is apparent that those who see fit to install and maintain such devices for ingress and egress of their patrons to their places of business, must be charged with knowledge that the extremely young and the aged, the weak and the strong, the well and the sick, will use them for the purpose for which they are obviously designed. Such being the case, those responsible for their maintenance must be held to an obligation to use the care which a reasonably prudent person is accustomed to use under such circumstances.

It is also obvious that if an aged person, moving slowly through such a device, is opposed in another panel of the door by a normal person using possibly normal force in proceeding on his way, that the aged person in all probability will be overtaken by the following panel. As one walks, it is usual

that the heel of one foot lags behind as the step takes the other foot forward and that if a panel of a revolving door moves suddenly up upon the person proceeding through it, that the rear heel will be struck, balance lost, and the logical result if the person so struck is below normal in strength and agility is to cause a fall. There is evidence in this case indicating that the plaintiff had proceeded through the door and hesitated before completely clearing the circle of its revolution. Even if such were the case, this situation merely presented a factual issue involving the existence of contributory negligence or proximate cause of the mishap to the jury.

There is evidence also that so-called friction strips of rubber and felt on the door were not so adjusted by the defendant, so that they would by friction or the housing of the door cause a retarding action. It is apparent that the defendant did not consider them available for that purpose, and did not adjust them so as to create friction. No other retarding device was used, although such devices are available.

There was evidence that such retarding devices are not in very general use in such doors, but there is evidence that friction strips, if properly installed and maintained in good condition, do have a tendency to cause the spinning action of the door to decrease.

Counsel for plaintiff and defendant have cited a number of cases to this Court, in which the several phases of actions predicated on injuries received through the operation of revolving doors, are considered. No controlling authority has been noted, however, requiring this Court to hold that the facts in this case do not present a question for the jury, and there was ample evidence to sustain the charges of negligence set forth in the petition.

Whether or not the action of two other persons using the door at the same time the plaintiff was passing through, cooperated with the negligence of the defendant in not using proper care to prevent the injury to plaintiff, is beside the point.

The defendant complains that the Court committed error in the admission of evidence and the giving of special instructions. An examination of the record fails to show any error so prejudicial to the defendant as to warrant a reversal of the judgment of the Court of Common Pleas, which is, therefore, affirmed.

HILDEBRANT & MATTHEWS, J. J., concur.