## MEDICAL BLDG. OF HOUSTON v. HALL.

### No. 12301.

Court of Civil Appeals of Texas.
Galveston.

July 12, 1951.

Rehearing Denied Oct. 11, 1951.

·Fulbright, Crooker, Freeman & Bates, M. S. McCorquodale and William H. Vaughan, Jr., all of Houston, for appellant.

Dyess & Dyess and Arthur D. Dyess, Jr., all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee Mrs. Eunice Hall for the recovery of damages for personal injuries alleged to have been sustained by her as a result of having been struck by a door in the lobby of the Medical Arts Building in the City of Houston, which was owned and occupied by appellant Medical Building of Houston.

The injuries were alleged to have been caused by numerous acts of negligence on the part of appellant, including its failure to have the door on the ground floor of its building, which was alleged to have been the cause of appellee's injuries, equipped with a check mechanism with a greater pressure to resist opening; in failing to provide a guardrail around the opening of the door into the lobby of the building; and in having a swinging door at such location.

Appellant answered by a denial of the negligence alleged.

In answer to special issues submitted, a jury found appellant guilty of the grounds of negligence above stated, and that they were the proximate causes of appellee's injuries; but found that the placing of a swinging door at the location where she was injured was not practicable.

Appellee had been employed as a nurse by Dr. H. E. Prince, who was a tenant of the building and whose offices were located on the ground floor of the building, a short distance from the lobby.

At the time of the accident, which was alleged to have caused appellee's injuries, she was proceeding from Dr. Prince's offices to a drug store adjacent to the lobby of the building. She walked through a corridor and entered the lobby of the building from the rear, and as she walked past a door, the entrance to which was a few feet beyond the door at which she had entered the lobby, a young man, who was identified as an employee of a tenant of the building, opened the door which struck appellee.

Appellee testified that she had used the stairway leading to the door at which she was injured in order to go to the second

floor to obtain needed supplies a number of times, and that at the time of the accident she knew there was a stairway from the first floor to the second floor and that she was thoroughly familiar with the lobby of the building.

The door in question was placed at the foot of the stairway as part of a remodelling construction which had been done several months prior to the date of the accident.

Appellant plead and introduced in evidence certain ordinances enacted by the City of Houston which provide for stairways in office buildings. Article 2873 of the City Ordinances provides that all required stairways shall be enclosed except for monumental stairways leading from the street floor level to the second floor or basement.

Article 2869 provides that doors giving access to stairways shall swing with the direction of exit travel, but where swinging doors are not practicable, sliding doors approved by the Building Inspector may be permitted. It provides that all doors used in connection with exits shall be so arranged as to be readily opened from the side which egress is made, or from both sides when the building is occupied; that swinging doors shall not reduce the effective width of stairways or landings.

Appellant contends that these ordinances established, without substantial dispute, that (1) the stairway in question was required and that the door in question was required by law; (2) that appellant was required by law to have the door swing out into the lobby; and to have the door arranged so as to be readily opened.

Appellant relies on two points of assigned error: that the trial court erred in overruling its motion for an instructed verdict made at the conclusion of the evidence and after both sides had rested; and in overruling its motion for judgment non obstante veredicto.

■ It is the settled rule in this state that the right of recovery for injuries resulting from negligence is based upon the violation of a duty toward the plaintiff. In the case of A. C. Burton Co. v. Stasny, Tex.

Civ.App., 223 S.W.2d 310, error refused, it was held that the duty of an owner or operator of a business premises to keep the premises safe for invitees applied only to the defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care, and that an invitee assumes all normal or ordinary risk attendant upon the use of the premises.

In that case this Court, quoting with approval from the opinion in the case of Furst-Edwards & Co. v. St. Louis Southwestern Ry. Co., Tex.Civ.App., 146 S.W. 1024, 1028, err. ref., held that "the right of recovery for injuries resulting from negligence is based upon the violation of duty", and that "The inquiry in each case of alleged damages is, What was the legal duty of the defendant under the circumstances of the case?"

In the case of Marshall v. San Jacinto Bldg., Tex.Civ.App., 67 S.W.2d 372, 374, err. ref., the Court, under a similar state of facts, and quoting with approval from 45 C.J. 837, 65 C.J.S., Negligence, § 50, said: "'The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.' Again, at page 868, same volume: 'No precautions are necessary where the danger is obvious and unconcealed, or known to the person injured, or where it was the duty of the person injured to do the thing, failure to do which caused the injury.'"

In the case of Burton v. Stasny, supra [223 S.W.2d 312.] this court citing with approval the rule announced in 20 R.C.L., pp. 56 and 57, held that: "'The true ground

of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. * * * And, hence, there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant.'"

In the case of Stimpson v. Bartex Pipe Line Co., 120 Tex. 232, 36 S.W.2d 473, 476, the Supreme Court said: "If it appears that the injury complained of was produced by a peril of an obvious or patent character a recovery should be denied."

In the recent case of Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 376, the Supreme Court in affirming a judgment in favor of appellant Bank, under a similar state of facts, said: "The bank owed a duty to Mrs. Adair, as a business invitee, to protect her against conditions of the premises which would involve an unreasonable risk to her safety, the danger of which would not be open or obvious to a person exercising ordinary care."

In the recent case of Fergeson v. National Bank of Commerce, Tex.Civ.App., 174 S.W.2d 1015, it was held, under a similar state of facts that an owners only legal duty to an invitee was to use reasonable care to keep its stairs and lights in a reasonably safe condition for the invitee's use in using them on the occasion in question, and that the owner, in no sense, was an insurer of the invitee's safety in so doing. Citing 45 C.J., 837 and 838, 65 C.J.S., Negligence, § 50; and 20 R.C.L., 56 and 57.

In the case of Hausman Packing Co. v. Badwey, Tex.Civ.App., 147 S.W.2d 856, 857, err. ref., plaintiff had entered defendant's truck for the purpose of purchasing meat for his restaurant. In attempting to get out of the truck he slipped and fell at the back end of the truck, thereby sustaining personal injuries. He had alleged as a ground of negligence that the defendant had failed "to have the back of said truck equipped with some character of handhold for the safety and protection of persons getting in and out of said truck." and "In having only one step for the use of customers in getting from the ground to the floor of said truck, a distance of thirty-three (33) inches."

In reversing and rendering a judgment in favor of the plaintiff, the court said: "* * * Appellee had entered the truck and selected meat on many occasions. He had ample opportunity to observe the condition of the truck, including the fact that the floor of the truck was often slippery, due to the fact that meat was sometimes cut in the truck causing pieces of meat and bone to fall on the floor, coupled with the drainage from the carcasses hanging in the truck. He also had an opportunity to notice that there was no handhold at the rear end of the truck to assist him in climbing into or alighting from the truck. He also had many opportunities to notice that there was but one step between the floor of the truck and the ground, a distance of some 33 inches. In other words, all of the dangerous conditions with reference to the use of the truck were open and obvious and as well known to appellee as to appellant. There is no allegation that appellee was entrapped or that he was injured as a result of any hidden defect in the truck.

&ast; &ast; &ast; &ast; &ast; &ast;

"The rule is well settled that the owner of premises is not required to keep them safe for invitees in so far as open, obvious and known defects or conditions are concerned. It is only when the conditions complained of are hidden and unknown that the invitee can recover damages for injuries resulting therefrom.

&ast; &ast; &ast; &ast; &ast; &ast;

"Appellee had been climbing in and out of this truck for many months; he knew, or by the exercise of ordinary care should have known, that the floor was defective and slippery, that there was no handhold at the rear of the truck and that there was only one step between the floor of the truck and the ground, a distance of 33 inches. Being charged with full knowledge of these obvious defects, which were not hidden in any way, he cannot recover for personal injuries caused by such defects or conditions."

Decisions from other jurisdictions relating to alleged negligence of this character,

with few exceptions, follow substantially the line of reasoning adopted by our Courts.

In the case of Pardington v. Abraham, 93 App.Div. 359, 87 N.Y.S. 670, under a similar state of facts, the New York Supreme Court said: "The plaintiff was injured by being struck by a swinging door as she was coming out of the department store of the defendants. * * * She testifies that as she started to go out the door was open, and just as she reached the sill, a woman who was ahead of her left the door, and it flew back and knocked her down." Continuing, the court said: "It is quite apparent from all the testimony concerning the occurrence that the motion of the door at the time it hit the plaintiff was due to the action of some other visitor to the store, who pushed open the door and let it swing back upon the plaintiff just as she reached the threshold. For this action the defendants are not responsible. Nor does it seem to me that they can be held liable for negligence on the ground that the construction or arrangement or management of the swinging doors was improper or unsafe. The proof showed that similar doors, with springs of the same or greater strength, are in use at numerous like establishments in the borough * * * of Manhattan. There does not appear to be anything about their construction or operation to make them dangerous to the customers of a department store, provided ordinary and reasonable care is exercised in their use. That it is possible to use them so as to injure others is demonstrated by this very accident; but carelessness in the use of any form of door may inflict injury upon one who happens to be sufficiently near it. No doubt the plaintiff has been the victim of a lamentable accident; but it is attributable, as it seems to me, not to any fault of the defendants, but rather to the hasty carelessness of a third person, over whose movements and conduct they had no control. In my opinion, therefore, the plaintiff has failed to make out a cause of action, and the defendants are entitled to a reversal of the judgment."

This decision was affirmed by the highest appellate court of New York, 183 N.Y. 553, 76 N.E. 1102, without opinion.

In Callaghan v. R. H. White Company, 303 Mass. 413, 22 N.E.2d 10, 12, the plaintiff, a customer in defendant's store, was struck by a door located between a large room provided for the convenience of defendant's customers and a toilet compartment. In affirming an instructed verdict for the defendant, the court said: "Swinging doors of the general type of those provided by the defendant are not uncommonly found in places of a similar character. It must have been obvious to the plaintiff that the doors would be opened and closed by customers of the store without supervision by employees of the defendant. The defendant was not obliged to make different arrangements as to the use of the doors since the conditions were open and obvious to an ordinarily intelligent person, Kitchen v. Women's City Club of Boston, 267 Mass. 229, 232, 166 N.E. 554; McGuire v. Valley Arena, Inc., 299 Mass. 351, 12 N.E.2d 808, and the defendant would not be liable for an injury due solely to the negligence of other customers in the operation of the doors. Smith v. Johnson, 219 Mass. 142, 106 N.E. 604, L.R.A.1915F, 572, Ann.Cas. 1916D, 1234; Kelley v. Jordan Marsh Co., 278 Mass. 101, 108, 179 N.E. 299; Promisel v. Hotels Statler Corp., 286 Mass. 15, 17, 189 N.E. 804. The evidence did not warrant a finding, in accordance with the plaintiff's contention, that a spring on the door that struck the plaintiff was defective. The contention is based on the difference in the speed and distance of the swing of the two doors when released, and on the presence of rust on the upper hinge of the door at the right. The fact that the door that the other woman held open to allow the plaintiff an unimpeded entrance and then released went more quickly and further than the door used by the plaintiff, without anything to show how widely the plaintiff opened her door, did not warrant the finding of a defective spring. There was testimony that rust was noticed on the upper hinge on the door at the right. There was nothing to indicate whether or not there was rust on the other three hinges of the two doors. * * *"

In the case of Leybold v. Fox Butte Theatre Corporation, 103 Mont. 232, 62 P.

2d 223, 227, suit was brought to recover for injuries sustained when plaintiff's fingers were caught between the edges of defendant's swinging doors. As the plaintiff was leaving the theater, she pushed the door open for her child to pass through and left her hand on the edge of the door to let it swing back in place slowly. At the same time, two boys pushed through the other door smashing the plaintiff's hand. There were no handles or knobs on the door to which plaintiff could have held. The Supreme Court of Montana held that:

"The decided cases from other jurisdictions relating to injuries suffered by persons visiting public places as the result of using swinging doors are uniform in holding that the owner of the property is not liable where the injury is sustained as a result of the sudden movement of other visitors at the public places and the use of the swinging door, as illustrated by the following decisions: Dolan v. Callender, etc., Co., 26 R.I. 198, 58 A. 655, 656; Pardington v. Abraham, 93 App.Div. 359, 87 N.Y.S. 670, affirmed without opinion by the Court of Appeals of New York, 183 N.Y. 553, 76 N.E. 1102; Mangel v. Bronx Borough Bank, 241 App.Div. 160, 271 N.Y.S. 432; Olson v. Whitthorne & Swan, 203 Cal. 206, 263 P. 518, 58 A.L.R. 129. * * *

"It is argued on behalf of the plaintiff that in none of the cases was there any evidence of the want of knobs or handholds, with which we agree; nor was there any evidence in this case that swinging doors of the double-action variety are ordinarily or usually so equipped; in fact, the undisputed evidence is to the contrary. It is further argued that in none of these cases did the door swing or slam back with a fifty-pound blow. It is said that they should be equipped with proper checking devices. The witness Frame, testifying on behalf of the plaintiff, said that both barrels of the hinge work as a check one on the other. The purpose of that check is ultimately to stop it at a center line, but one can tighten that spring up until it strikes quite a forcible blow. * * * "

In the instant case appellee had been employed in the Medical Arts Building for several years and admitted that she had used the stairway leading to the door at which she was injured in going to the second floor to secure needed supplies a number of times and that she was familiar with the lobby of the building and the conditions surrounding it.

■ The record is bare of any evidence that an increasing pressure would have prevented the injury in question. While appellee has been the victim of a lamentable accident, she was injured, it seems to us, not through any fault of the appellant, but that her injury was due to the carelessness of a third person in opening the door, and that appellant had no control over his movements and conduct. It is, we think, obvious that the accident in question was caused by the fact that appellee was standing at or passing the front of the door at the time it was opened by the unknown third person, and the finding that insufficient pressure on the door-check was a proximate cause of the accident in question as well as an act of negligence on the part of appellant in failing to have a proper check on the door cannot, we think, under the record be sustained.

Under the above authorities, it is obvious that appellant was under no duty to impede in any way the swing of the door in opening. And there is no evidence in the record as to the force with which the door was opened or the strength of the person opening it.

■ The courts of this state in defining the limits to which a building owner must go in order to protect its invitees from injuries have established the rule that the owner owes a duty to protect its invitees only from those conditions which are hidden, concealed or which constitute traps or unobservable pitfalls. There is, we think, no evidence in the record that appellant breached any duty owed to appellee and, in the absence of such breach of duty, a finding by a jury of negligence cannot stand.

It follows that the judgment of the trial court must be reversed and judgment here rendered in favor of appellant.

Reversed and rendered.