**WARNER, Plaintiff-Appellant, v. INTERSTATE THEATRES, INC. et, Defendants-Appellees.**

Ohio Appeals, Seventh District, Belmont County.

No. 881. Decided December 24, 1952.

250

Esther F. Pinsky, Bellaire, Thornburg & Lewis, St. Clairsville, for plaintiff-appellant.

Kinder, Kinder & Kinder, Martins Ferry, for defendants-appellees.

## OPINION

By PHILLIPS, J.

Plaintiff appealed on questions of law from a judgment of the court of common pleas entered upon a verdict of the jury directed for defendant at the close of all the evidence.

Plaintiff maintains that the "issues" are:—

"1. Whether or not the lower court erred in overruling the plaintiff-appellant's motion for a view of the premises?

"2. Whether or not the lower court erred in sustaining the defendant-appellee's motion for a directed verdict at the close of all the evidence?

"3. Whether or not the lower court erred in refusing to submit the case to the jury at the close of all the evidence?

"4. Whether or not the lower court erred in holding that the doctrine of res ipsa loquitur was not applicable in the case?"

There is evidence that plaintiff was a patron, but not as alleged a paid patron, of defendants' theatre about seven o'clock on the night of January 15, 1949; that she entered a toilet room in the ladies lounge through one of a pair of swinging doors, which weighed 29 pounds; that later as she used the same door to leave such toilet room it fell striking and injuring her; that within the six month period preceding January 15, 1949, state inspectors had inspected, and forty-five minutes before opening its theatre at 12:45 p. m. on that date defendant had inspected it and found no defect in such door.

There is no evidence that defendants failed to exercise ordinary care toward plaintiff while a patron of its theatre; that its inspection on the day in question was faulty, nor was a proximate cause of plaintiff's alleged injury; nor that such door was under defendants' exclusive control on that date.

There is evidence that approximately seven hundred patrons of such theatre were free to, and some of them did, use it on January 15, 1949.

"A view of the premises is controlled by §11420-2 GC. This statute is not mandatory. The trial court is invested with a discretion to determine whether a view of the premises shall be allowed." **Maggart v. Deaton, 84 Oh Ap 327** at 329.

It is not argued that the trial judge abused his discretion in overruling plaintiff's motion to allow a view of the premises, and since the trial judge was under no mandatory duty to sustain such motion the trial judge did not err to plaintiff's prejudice in overruling that motion.

Since there is no evidence that the door which allegedly injured plaintiff was in disrepair, nor that it was not inspected, nor was faultily

inspected, we believe that reasonable minds could reach no conclusion other than that defendants exercised the required degree of care toward plaintiff; that no question of defendants' negligence was presented for the consideration of the jury, and that accordingly the trial judge did not err to plaintiff's prejudice in failing to submit the case to the jury and in directing a verdict for the defendant at the close of all the evidence.

In nonsuiting plaintiff in the case of Olson v. Whitthorne & Swan, 263 Pacific 518, in which plaintiff was injured using a door, and discussing the doctrine of res ipsa loquitur the court said in the opinion written in that case:—

"To render the doctrine applicable 'it must be shown that the instrumentality causing the injury was under the control of the defendant, and that the injury was caused by some act incident to that control,' and the injury 'must be of such a nature that it ordinarily would not have occurred but for the defendant's negligence.' It does not apply 'where an unexplained accident might have been caused by plaintiff's negligence, or been due to one of several causes, for some of which the defendant is not responsible.' * * * The operation of such doors is not within the exclusive control of the owner of the building or proprietor of the store. Customers and patrons take a very distinct part in their operation and are chargeable with the exercise of ordinary care in their use. Injury may occur in their operation from a lack of such care on the part of the persons who use them, and for whose negligence the owner or proprietor would be in no wise responsible."

"The true reason is found in the rule itself, in that the act complained of, or, the thing, speaks for itself. It is therefore not the matter of the defendant's ability to speak, but the fact that the act itself speaks." **Weller, Exrx., v. Worstall, 50 Oh Ap 11 at 17.**

For a discussion of the application of the doctrine of res ispa loquitur see Saldukas v. McKerns, 16 Atl. (2nd) 30; Pardington v. Abraham, et al, 87 N. Y. Supp. 670; Trostel, et al v. Reading Steel Products Corp., 31 Atl. (2nd) 909; Palmer v. Brooks, 169 S. W. (2nd) 906; Boston & Main Railroad v. Jesionowski, 154 Fed. (2nd) 703; Smith v. Johns, 106 N. E. 604; Gardner v. Seymour, et ux., 180 Pac. (2nd) 564; Class v. Young Women's Christian Assn., 47 Appeals 128; **Sherlock v. The Strouss-Hirshberg Co., 132 Oh St 35; Glowacki v. The North Western Ohio Ry. & Power Co., 116 Oh St 451; Walker v. The Toledo Hotel Co., 59 Oh Ap 229;** and Cochran v. Pittsburgh & L. E. R. Co., 31 Fed. (2nd) 769.

The trial judge did not err to plaintiff's prejudice "in holding that the doctrine of res ipsa loquitur was not applicable" in her case, nor in any of the other respects urged by her.

The judgment of the court of common pleas is affirmed.

GRIFFITH, J, concurs.