(January 9, 1953.)

█

JOSEPH DILLON, Appellant, v. J. J. NEWBERRY Co., Respondent.— Appeal by plaintiff from a judgment and order of the Supreme Court, Albany County, the judgment having dismissed the plaintiff's complaint in a negligence action, and the order having directed entry of such judgment after setting aside a jury verdict in the plaintiff's favor rendered at a Trial Term. On Saturday, March 11, 1950, which was a very cold day, at about 2:30 P.M., the plaintiff was injured in attempting to enter the defendant's department store, when one of a pair of inner outward-swinging front entrance doors of the store was suddenly swung open by a customer leaving the store and the plaintiff was struck on the side of the head. The plaintiff and his wife and two other persons had passed through a pair of outside doors, also outward-swinging, and had entered a vestibule or storm entrance. The storm entrance was erected each winter and was taken down during the summer. The vestibule, formed by the two sets of doors and the show windows, was only six feet, four inches wide and was only a little over four feet in depth between the two sets of doors. As the plaintiff attempted to enter the store proper, he pulled on the left-hand inner door but was unable to move it and then stepped over to the right to open the other door when it suddenly swung out, striking the plaintiff. Each of the inner doors was about two feet, eight inches in width. Each of the doors was fitted with an adjustable mechanical door check. There was proof which warranted the inference that the door check on the inner left-hand door had been so adjusted that the door was practically immovable. No employee of the defendant was called to controvert the testimony of the plaintiff that the left-hand door could not be opened on the day of the accident. While there was no direct evidence as to who was responsible for this condition, the jury was justified in inferring that the door check had been so adjusted by an employee of the defendant to eliminate or cut down the draft resulting from the opening of the door which affected customers sitting at a lunch counter directly opposite the door. The tightening of the door check on the left-hand door resulted in the narrowing of the effective entrance to a space about two feet, eight inches wide and in diverting the outgoing traffic into this space, in head-on collision with incoming traffic. This may of itself have been a sufficient basis for a finding of negligence on the part of the defendant. (Cf., in this connection, sections 26-5.6, 26-5.8 and 26-10.2 of Industrial Code Bulletin No. 26 promulgated by the Board of Standards and Appeals of the Department of Labor, requiring generally that mercantile establishments have an exit not less than forty-four inches in width). However, the trial court did not submit this issue to the jury. The trial court charged, as a matter of law, accepting

the testimony of the defendant's expert, that the door check could not be so adjusted as to make it difficult to open the door, notwithstanding the fact that an expert on behalf of the plaintiff testified that the door check could be so set as to keep the door "taut or tight" and to make it virtually impossible to open the door. In view of the court's charge, the jury's verdict cannot be sustained upon the ground that it was improper for the defendant to allow the left-hand door to be fixed in a rigid position. The trial court submitted to the jury the question of whether the door was "improperly constructed, maintained or placed in relation to other objects in the vicinity" and whether "the entrance-way, considering the vestibule and the doors, created unreasonable risk of injury". There was evidence on this issue which created a question of fact but, upon this record, it must be held that the jury's verdict in favor of the plaintiff upon this question was against the weight of the evidence. The physical situation of itself was sufficient to create a question of fact. (*Ford* v. *Wanamaker*, 165 App. Div. 284, after retrial 172 App. Div. 908, affd. 224 N. Y. 655.) A customer, seeking entrance to the store, would be directly in the path of the outward-swinging inner door, once the outside door was closed behind him. If four persons seeking entrance were in the vestibule at one time, as they were in this case, the vestibule would be crowded and the person closest to the inner doors would be unable to get out of the path of the doors as they were swung outward. The photographs show that the storm entrance or vestibule had been extended into the interior of the store in order to provide sufficient clearance for the opening of the inner doors but it is apparent, from the dimensions given upon the trial, that the length of the vestibule was barely sufficient to provide such clearance. While the existing situation was plainly a dangerous one, no expert proof was offered by the plaintiff as to how it might be improved by any method customarily or commonly used. It may well be that the vestibule should have been deepened and that it should have been extended further into the interior of the store so that persons entering the vestibule would have an opportunity, while they were still two or three steps away, to see whether anyone was about to come through the inner doors. But, in the absence of expert evidence on this subject, the jury's verdict cannot be allowed to stand, particularly in view of the testimony by the expert sworn by the defendant that the physical arrangement complied "with the usual and accepted practice in mercantile entrances and doors." The dismissal of the complaint was nevertheless unwarranted; as already indicated, the whole situation presented a question of fact which requires a new trial. Judgment dismissing the complaint reversed; the order appealed from is modified by striking out so much thereof as directs the dismissal of the complaint, and by substituting therefor a provision that the verdict of the jury is set aside, on the law and the facts, and as so modified the order is affirmed, and a new trial is directed, with costs to abide the event. Brewster, Coon and Halpern, JJ., concur; Foster, P. J., and Bergan, J., dissent and vote to affirm the judgment in the following memorandum: There is a certain risk of collision involved in the swinging of any door that cannot be guarded against except by the use of glass. There were glass panels in both of the doors involved here. Ordinarily either door would open, but the natural one to use on entry was the right door. That was working. Nothing in the record before us would give any foundation to a finding that the design or arrangement of the doors was unusual or improper, or that this kind of a collision between persons using the door was the kind of a risk that the defendant was required to anticipate at the peril of tort liability.