Ruth M. BURKLEY, Appellant,

v.

GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellee.

No. 7833.

United States Court of Appeals
Fourth Circuit.

Argued April 14, 1959.

Decided April 16, 1959.

Edward M. Woodward, Columbia, S. C. (Edens & Woodward, Columbia, S. C., on the brief), for appellant.

R. Beverley Herbert, Jr., Columbia, S. C. (Herbert & Dial, and George L. Dial, Jr., Columbia, S. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BOREMAN, District Judge.

PER CURIAM.

A woman shopper in the defendant's supermarket in Columbia, South Carolina, was injured when she was run into and knocked down in the store lobby by a young boy as he rushed through the "In" door just as she was passing that door on the way to the immediately adjacent "Out" door. Her action against the defendant was predicated upon its alleged negligence in maintaining a lobby so narrow that it left her only about twenty-four inches passageway between the arc of the door through which the boy ran and a couch, situated next to the check-out counter, which she would have been required to pass to reach the exit door.

The plaintiff's theory was that the arrangement of the doors and the couch made it necessary for her to pass close to the "In" door; and that but for this the boy would not have run into her. The defendant conceives the boy's negligence in not looking as the sole proximate cause of the accident. Except for its frame, the door through which the boy ran was entirely of glass and afforded a view of the lobby to anyone approaching the "In" door or passing through it.

In directing a verdict for the defendant, the District Judge summarized the facts, and stated his conclusion that the accident was caused only by the boy bursting through the door and running into the woman. "That is all there was to it. If that entrance had been forty feet wide the same thing would have happened."

Cases relied upon by the plaintiff are inapplicable here, for in those cases the swinging door itself came in contact with the person who was injured. See, Campbell v. Hughes Provision Co., 1950, 153 Ohio St. 9, 90 N.E.2d 694; Ford v. John Wanamaker, 1914, 165 App.Div. 284, 150 N.Y.S. 795; Rathman v. First American Bank & Trust Co., 1944, 73 Ohio App. 283, 55 N.E.2d 865.

We find no error in the judge's action.

Affirmed.